**UNITED STATES of America, ex rel, John F. MALLOY,**

v.

**TELEPHONICS CORPORATION**

**John F. Malloy, Appellant.**

**No. 01–3916.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) April 1, 2003.

Decided April 16, 2003.

Before: MCKEE, SMITH, and COWEN, Circuit Judges.

## OPINION OF THE COURT

SMITH, Circuit Judge:

I.

On April 2, 2001, Appellant John Malloy brought a *qui tam* suit under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, alleging that his former employer, Appellee Telephonics Corporation (hereinafter "Telephonics"), submitted a false claim to the government in 1991, in violation of 31 U.S.C. § 3729(a)(1),[1] and that Malloy was subject to a retaliatory dismissal in July of 1991 based on activity protected by the False Claims Act, in violation of 31 U.S.C. § 3730(h).[2] On appeal, Malloy argues that the District Court erred in dismissing his claims as time barred under the six year statute of limitations set forth in 31 U.S.C.

---

1. 31 U.S.C. § 3729(a) provides, in pertinent part:

   (a) Liability for Certain Acts.—Any person who—

   (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval; ...

   is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person.

   31 U.S.C. § 3729(a)(1).

2. 31 U.S.C. § 3730(h) provides:

   Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole. Such relief shall include reinstatement with the same seniority status such employee would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees. An employee may bring an action in the appropriate district court of the United States for the relief provided in this subsection.

   31 U.S.C. § 3730(h).

§ 3731(b)(1). We will affirm the judgment of the District Court.

## II.

This is not the first suit Malloy has filed against Telephonics under the False Claims Act. On June 30, 1997, Malloy filed suit under the False Claims Act in the U.S. District Court for the District of South Carolina. The United States declined to exercise its right to intervene in that suit. On October 30, 1998, that action was transferred to New Jersey.[3] On June 9, 1999, almost two years after he filed the complaint, Malloy served a copy of his complaint on Telephonics at its corporate headquarters in Farmingdale, New York. However, due to the time lapse and Malloy's failure to serve a summons on Telephonics, Telephonics sought dismissal for failure to effect service of process. On September 27, 1999, the U.S. District Court for the District of New Jersey dismissed the complaint for insufficient service of process and failure to effect service within the requirements of Fed. R. Civ. P 4(m).

Malloy, proceeding pro se, filed the instant case on April 2, 2001 by serving the same complaint from his 1997 suit.[4] The United States did not intervene in the suit. On June 22, 2001, Telephonics moved to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(6) based on the statute of limitations. The District Court determined that the statute of limitations had expired on "approximately December 18, 1999," and dismissed the complaint with prejudice on August 27, 2001. The District Court denied Malloy's motion for reconsideration on October 3, 2001. Again

proceeding pro se, Malloy filed the instant appeal.

## III.

The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of orders dismissing a claim based on the statute of limitations, and "this plenary review extends to the District Court's choice and interpretation of applicable tolling principles and its conclusion that the facts prevented a tolling of the statute of limitations." *Lake v. Arnold*, 232 F.3d 360, 365 (3d Cir.2000).

## IV.

We agree with the District Court that Malloy's claims under the False Claims Act are time barred. Section 3730 of the False Claims Act permits a private person, often called a "relator," to "bring a civil action for a violation of section 3729 for the person and for the United States Government. Such an action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." 31 U.S.C. § 3730(b)(2). The statute of limitations provision of the False Claims Act provides that:

(b) A civil action under section 3730 may not be brought—

(1) more than 6 years after the date on which the violation of section 3729 is committed, or

(2) more than 3 years after the date when facts material to the right of action are known or reasonably should have

---

3. Upon transfer to the District of New Jersey, the action was given a Civil Number of 98–5218.

4. Malloy alleges that he actually filed this action in February, 2001. However, the District Court docket reflects that the complaint was not received for filing in the District Court until April 2, 2001.

been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed, whichever occurs last.

31 U.S.C. § 3731(b).

Malloy concedes that the claim accrued when Telephonics filed the original false claim with the Army on September 21, 1991. Neither side contends that Malloy was unaware of the alleged fraud at the time it occurred, and in fact, his complaint discusses his awareness of the facts underlying the alleged fraud prior to and during its actual occurrence. The time at which Malloy became aware of the fraud—September 21, 1991—is important, because it determines whether we apply the six year statute of limitations in § 3731(b)(1), or the three year limitation in § 3731(b)(2). Because Malloy had knowledge of the alleged fraud more than three years before this action was filed, his only basis for asserting that his claims are timely is to proceed under the six year limitations period of § 3731(b)(1).

"While the language of Fed.R.Civ.P. 8(c) indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n. 1 (3d Cir.1994). In the instant case, the False Claims Act's six year limitations period plainly bars Malloy's April 2, 2001 complaint.

On appeal, Malloy contends that the complaint he filed on June 30, 1997 in South Carolina was timely, and that his April 2, 2001 complaint should relate back to the first complaint for statute of limitations purposes. In the alternative, Malloy asserts that the statute of limitations should be equitably tolled during the pendency of his 1997 civil action because of the incompetence of his lawyer, who caused that complaint to be dismissed without prejudice.

■ We cannot agree with Malloy's contention that his 2001 complaint should relate back to the filing of the 1997 complaint in South Carolina. Federal Rule of Civil Procedure 15(c) provides that

[A]n *amendment of a pleading* relates back to the date of the original pleading when: (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . .

Fed.R.Civ.P. 15(c) (emphasis added). The District Court correctly determined that, pursuant to the plain language of the rule, the relation back theory applies to an amendment of a pleading in the same civil action. We agree that "Rule 15(c) does not permit a complaint filed in one civil action to relate back to a complaint filed in a separate civil action." Accordingly, we will affirm the District Court's determination that Malloy's 2001 New Jersey complaint does not relate back to the filing of his 1997 South Carolina complaint.

Statutes of limitations are subject to equitable tolling where tolling is not inconsistent with the statute. *United States v. Beggerly*, 524 U.S. 38, 48, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998). This Court has "exercised caution in using the equitable tolling doctrine," *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir.1999), but it is appropriate to apply the doctrine "where consistent with congressional intent and called for by the facts of the case." *Bowen v. City of New York*, 476 U.S. 467, 479, 106 S.Ct. 2022, 90

L.Ed.2d 462 (1986); *cf. Davis v. Johnson,* 158 F.3d 806, 810 (5th Cir.1998) ("The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."). Equitable tolling is appropriate in three types of situations: (1) where a defendant actively misleads a plaintiff with respect to his cause of action; (2) where the plaintiff has been prevented from asserting his claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts his claims in a timely manner but has done so in the wrong forum. *Lake v. Arnold,* 232 F.3d 360, 370 (3d Cir.2000).[5]

The Third Circuit has not addressed the issue of whether equitable tolling doctrine applies in cases arising under the False Claims Act. Yet we need not reach that issue here. Even if equitable tolling principles applied to toll the statute of limitations while Malloy's 1997 action was pending before the District Court, the statute of limitations began to run again on September 27, 1999, the date on which Malloy's claim was dismissed. At that point, any arguable "extraordinary circumstances"—namely Malloy's counsel's incompetent representation—ceased. Malloy then had eighty-two days remaining within the applicable period of limitations to pursue his claims. Since the statute of limitations expired on approximately December 18, 1999, Malloy's April 2, 2001 complaint was time barred.[6]

■ Malloy's final contention on appeal is that the statute of limitations should be

5. To the extent that equitable tolling applies in this case, it would be because extraordinary circumstances prevented Malloy from filing the instant case. Specifically, Malloy alleges that the attorney who represented him in his 1997 action, Mr. Hermann, was incompetent. The District Court found that, indeed, the dismissal of that action for insufficient process and service of process was due to Mr. Hermann's neglect. In addition, the Court found that Malloy made every effort to contact his attorney, ensure that his case was proceeding, and keep the Court apprised of his difficulty. Mr. Hermann was subsequently disbarred, and Appellant recovered all fees paid to Mr. Hermann pursuant to a decision by the Monmouth County Board of Fee Arbitration.

6. The District Court correctly pointed out that even with a more liberal application of equitable tolling principles, Malloy's claim still would have been time barred. Malloy filed a motion for reconsideration on May 1, 2000, approximately seven months after his prior case was dismissed. There is some case law suggesting that a statute of limitations does not run while a timely motion for reconsideration is pending. *See Holley v. Dept. of Veteran Affairs,* 165 F.3d 244 (3d Cir.1999) (stating that in EEOC agency proceeding, federal employee's timely filed request for reconsideration tolls 90 day deadline for filing in federal court, because agency decision is not "final" until request for reconsideration is granted or denied); *Metsopulos v. Runyon,* 918 F.Supp. 851, 861 (D.N.J.1996) (stating that "the federal law is clear that a pending petition for *agency reconsideration,* timely filed, renders the underlying agency action nonfinal.... Thus, the statute of limitations for judicial review is tolled until the agency decides the petition for reconsideration.") (emphasis added) (quoting *Virgin Islands Conservation Soc., Inc. v. Virgin Islands Bd. of Land Use Appeals,* 881 F.2d 28, 31 (3d Cir.1989)). We note that the instant case did not involve an agency proceeding, and, as the District Court pointed out, Malloy waited seven months to file a motion for reconsideration, thereby rendering his motion extremely untimely. Local Civil Rule 7.1(g) of the U.S. District Court for the District of New Jersey, which contains the standard to be applied to motions for reconsideration, *see Pittston Company v. Sedgwick James of New York, Inc.,* 971 F.Supp. 915, 918 (D.N.J.1997), states that such motions "shall be served and filed within 10 days after the entry of the order or judgment on the original motion." L. Civ. R. 7.1(g). However, even if equitable tolling had continued through December 29, 2000, the date on which the District Court filed its order denying the motion for reconsideration, Malloy still was delinquent in filing the instant action.

tolled for an additional four months due to his recovery period from brain surgery which he underwent in 1996. In support of his request for additional tolling, Malloy submitted a one page hospital form listing the expenses from his surgery, including a four day hospital stay. He did not provide any certification, affidavit, or other verification from any medical professional indicating that he required a four month recovery period, or that his surgery rendered him unable to pursue his legal rights for any significant period of time. Consequently, we are not prepared to find that Malloy's allegations of his four month recovery period are sufficient to justify additional equitable tolling.

## V. CONCLUSION

In conclusion, even under the most liberal application of equitable tolling doctrine, the statute of limitations expired on December 18, 1999 and Malloy's April 2, 2001 complaint was time barred.

For the foregoing reasons, the judgment of the District Court will be affirmed.