United States Court of Appeals
Fifth Circuit

**F I L E D**

November 22, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50315
Summary Calendar

_____

TIMOTHY L. CARTER,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF HEALTH, ET AL.,

Defendants,

TEXAS DEPARTMENT OF HEALTH,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Western District of Texas
(No. 03-CV-138)

_____

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Before the Court is an appeal from the district court's order granting the defendant's

_____

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

motion to dismiss. Because we agree with the district court's careful and well-reasoned opinion, we affirm the order.

## I. FACTS AND PROCEEDINGS

On February 20, 2003, plaintiff Timothy Carter filed suit against the Texas Department of Health ("TDH"), alleging employment discrimination. Carter, who is black, alleged claims under Title VII, the United States Constitution, the Texas Constitution, and for emotional distress. Carter alleges that this suit relates back to a previous lawsuit which was dismissed without prejudice.

The previous action was brought against TDH on January 29, 1999, timely filed within ninety days of "right to sue" letters from the Equal Employment Opportunity Commission ("EEOC"). The case was dismissed without prejudice on October 19, 2000, due to discovery violations and lack of diligence by Carter's attorney. This Court upheld the dismissal without prejudice in an unpublished order issued on December 10, 2001. Carter's attorney filed a motion for rehearing, which was denied by this Court on January 9, 2002. Carter's attorney told Carter that he would notify Carter of this Court's opinion, but he neglected to do so. On April 11, 2002, Carter called his attorney's office to investigate the status of his case, and learned that it had been dismissed. Carter's attorney's malpractice insurer determined that there had been malpractice, and Carter obtained his case files in February 2003. He then brought the instant case.

On May 19, 2003, TDH filed a partial motion to dismiss all claims under the United States and Texas constitutions, which was granted on July 24, 2003. On July 25, 2003, the

2

district court granted Carter's motion to amend his complaint to add individuals as defendants. On August 7, 2003, TDH filed a motion to dismiss of Carter's § 1983 claims, which was granted. On October 29, 2003, TDH moved to dismiss the Title VII claims, the only remaining claims in the action. TDH claims that the Title VII claims are barred by the statute of limitations because they were not brought within ninety days after receiving a right to sue letter. The trial court agreed and the case was dismissed on February 26, 2004.

## II. STANDARD OF REVIEW

We review a district court's grant of a motion to dismiss for lack of subject matter jurisdiction de novo, applying the same standards used by the lower court. Beall v. United States, 336 F.3d 419, 421 (5th Cir. 2003). We review the district court's decision declining to invoke equitable tolling for abuse of discretion. Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).

## III. DISCUSSION

Title VII requires persons claiming discrimination or retaliation to file a civil action within ninety days after receipt of a right to sue letter. 42 U.S.C. § 2000e-5(f)(1). This Court has held that "the 90-day period of limitation established by 42 U.S.C. § 2000e-5(f)(1) begins to run on the date that the EEOC right-to-sue letter is delivered to the offices of formally designated counsel or to the claimant." Ringgold v. Nat'l Maint. Corp., 796 F.2d 769, 770 (5th Cir. 1986). Carter filed his first charge of disparate treatment and retaliation with the EEOC in October of 1995 and received his right to sue letter for that charge on August 28, 1998. He filed his second charge on November 4, 1998, and received his right

3

to sue letter for that charge on September 23, 1999. He thus had until November 26, 1998, and December 22, 1999, to file his respective claims. As noted above, Carter did not file his complaint in this case until February 20, 2003.

Carter advances several arguments in opposition to the motion to dismiss, each of which fails. First, Carter argues that the statute of limitations governing his Title VII claims should have been tolled because his case presents a rare and exceptional circumstance. Second, he argues that because the statute of limitations had expired when his first case was dismissed without prejudice, that dismissal acted as a dismissal with prejudice, which was inappropriate. Third, the dismissal in the previous case denied Carter his Fourteenth Amendment due process rights and Seventh Amendment right to trial by jury. Finally, Carter argues that this case "relates back" to his original complaint and is therefore within the time limit.

A. Equitable Tolling

Carter argues that his Title VII claims should have been equitably tolled. "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998) (quoting Lambert v. United States, 44 F.3d 296, 298 (5th Cir. 1995)). Carter cites to United States v. Patterson, 211 F.3d 927 (5th Cir. 2000), in support of the proposition that equitable tolling shall apply where a plaintiff is prevented in an extraordinary way from asserting his rights. We agree with the district court that Patterson is inapposite and that the facts of this case do not demonstrate that Carter is entitled to such equitable relief.

4

Carter's original case was dismissed because of his prior attorney's lack of diligence, and attorney's errors are not grounds for equitable tolling. Salinas v. Dretke, 354 F.3d 425, 432 (5th Cir. 2004).

## B. Dismissal with Prejudice

Carter argues that the 1999 suit's dismissal was erroneous because the statute of limitations had run and the dismissal without prejudice was, in effect, a dismissal with prejudice. He maintains that the court did not apply the proper standard in issuing the de facto dismissal with prejudice. This Court has held that "[w]here further litigation on the claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used." McGowan v. Faulkner Concrete Pipe Co., 659 F.2d 554, 556 (5th Cir. 1981). In Long v. Simmons, this Court held that "[a] dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." 77 F.3d 878, 880 (5th Cir. 1996).

TDH argues that the record from Carter's previous lawsuit reflects purposeful delay and that the district court employed lesser sanctions before dismissing Carter's suit. See Carter v. Tex. Dep't of Health, No. SA-99-CA-0082-HG (W. D. Tex. Oct. 19, 2000) (order dismissing case). We agree. Even treating the dismissal without prejudice as a dismissal with prejudice, the dismissal was appropriate under the standard articulated in Long.

## C. Constitutional Rights

5

Carter argues that the trial court's dismissal deprived him of his constitutional rights to due process and trial by jury. Because these arguments are raised for the first time on appeal, we decline to address them. See, e.g., FDIC v. Mijalis, 15 F.3d 1314, 1327 (5th Cir. 1994) (citing Butler Aviation Int'l, Inc. v. Whyte (In re Fairchild Aircraft Corp.), 6 F.3d 1119, 1128 (5th Cir.1993)).

D. Relation Back

Carter finally argues that this action relates back to the original action filed in 1999 and dismissed in 2000. Rule 15(c) allows for an amendment of a pleading to relate back to the date of the original pleading in certain circumstances. Fed. R. Civ. P. 15(c). The district court properly held that the "original pleading" may not be a pleading filed in a different case. While this Court has not specifically addressed whether Rule 15(c) provides for a complaint in one case to relate back to a complaint in another case, other courts have answered the question in the negative, holding that Rule 15(c) pertains only to pleadings within the same case. See, e.g., Morgan Distrib. Co. v. Unidynamic Corp., 868 F.2d 992, 994 (8th Cir. 1989) (citing Schiavone v. Fortune, 477 U.S. 21, 29 (1986)) ("Rule 15(c) concerns amendments to pleadings. Its plain language makes clear that it applies not to the filing of a new complaint, but to the filing of an amendment . . . ."); Bailey v. Northern Ind. Public Serv. Co., 910 F.2d 406, 413 (7th Cir. 1990) ("Rule 15(c), by its terms, only applies to amended pleadings in the same action as the original, timely pleading. Because the simulator claim was not contained in an amended pleading in Suit 1 but in a second, separate complaint, Rule 15(c) is inapplicable."); United States ex rel. Malloy v.

6

Telephonics Corp., 68 Fed. Appx. 270, 273 (3d Cir. 2003) (unpublished opinion) ("We agree that 'Rule 15(c) does not permit a complaint filed in one civil action to relate back to a complaint filed in a separate civil action.'"); D.C.I. Computer Sys., Inc. v. Pardini, 1992 U.S. App. LEXIS 29951 at *4 (9th Cir. Nov. 5, 1992) (unpublished opinion) ("[R]ule 15(c) does not authorize an amended pleading to 'relate back' to an entirely separate cause of action . . . .").

## IV. CONCLUSION

For the foregoing reasons, the decision of the district court is AFFIRMED.