Mastag Garabed HAROUTUNIAN, aka Ohannes Sassonian aka Matsak Haroutunian aka Matsag Haroutunian, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 94–70391.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 16, 1995.*

Decided June 26, 1996.

T. Michael Fehmel, Fehmel & Associates, Los Angeles, California, for petitioner Mastag Garabed Haroutunian.

Frank W. Hunger, David J. Kline, Emily Anne Radford, Terese A. Wallbaum, Karen Ann Hunold, Office of Immigration Litigation, United States Department of Justice, Washington DC; Ronald E. LeFevre, Immigration and Naturalization Service, San Francisco, California, for respondent Immigration and Naturalization Service.

Before: BRUNETTI and KOZINSKI, Circuit Judges, and HAGEN,** District Judge.

KOZINSKI, Circuit Judge.

We consider whether a petition for review of a Board of Immigration Appeals deportation order is timely.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

** The Honorable David Warner Hagen, United States District Judge for the District of Nevada, sitting by designation.

## I

Petitioner Mastag Garabed Haroutunian is a native of Syria who came to this country from Lebanon in 1979. In 1988, he was convicted of possession with intent to distribute, attempted possession with intent to distribute and simple possession of heroin. The INS issued an order to show cause why he should not be deported for, among other things, having been convicted of a drug crime. *See* Immigration and Nationality Act § 241(a)(2)(B)(i); 8 U.S.C. § 1251(a)(2)(B)(i). Haroutunian conceded deportability and applied for asylum and withholding of deportation. *See* INA § 208(a) & 243(h); 8 U.S.C. §§ 1158(a) & 1253(h). The immigration judge denied Haroutunian's application, the BIA affirmed and Haroutunian filed a petition for review with us. Because we have doubts about our jurisdiction, we turn to that issue first.[1]

## II

■ It is well settled that the requirement of a timely petition for review is mandatory and jurisdictional. *See Lee v. INS*, 685 F.2d 343 (9th Cir.1982). Pursuant to INA § 106(a)(1), 8 U.S.C. § 1105a(a)(1),

> a petition for review may be filed not later than 90 days after the date of the issuance of the final deportation order, or, in the case of an alien convicted of an aggravated felony ..., not later than 30 days after the issuance of such order.

Because Haroutunian is an alien convicted of an aggravated felony,[2] his petition for review had to be filed within 30 days of the issuance of the final deportation order. However, we have never determined what constitutes issuance of the final deportation order. The Second and Fifth Circuits have dealt squarely with this issue and both have held that the date of issuance is the date of mailing. *See Zaluski v. INS*, 37 F.3d 72, 73 (2d Cir.1994); *Ouedraogo v. INS*, 864 F.2d 376, 378 (5th Cir.1989). This is a sound rule and we see no reason to depart from it. *See In re Taffi*, 68 F.3d 306, 308 (9th Cir.1995) ("[W]e have adopted a cautionary rule, counseling against creating intercircuit conflicts.").

■ Although Haroutunian had ample opportunity to present evidence, *see* note 1 *supra*, the only proof we have as to when the BIA's order was mailed is the cover letter accompanying the order. The cover letter was dated June 17, 1994, and we presume that the final order of deportation was mailed on that date. *See Karimian–Kaklaki v. INS*, 997 F.2d 108, 111 (5th Cir.1993) (absent evidence to the contrary, date on BIA's transmittal letter is date mailed). Pursuant to INA § 106(a)(1), Haroutunian had 30 days, or until July 17, 1994, to file a petition for review with this court. That day was a Sunday, however, so Haroutunian actually had until July 18 to file the petition. *See* Fed. R.App. P. 26(a) (if filing deadline falls on a Saturday, Sunday or legal holiday, filing period runs until next day which is not one of those days).[3]

Haroutunian's petition for review was stamped "FILED Jul 20 1994" by our clerk. It's possible, of course, that the petition was received by the clerk before the filing deadline but was not filed until afterwards, in which case it would be timely. *See* Fed. R.App. P. 25(a) ("filing is not timely unless the clerk receives the papers within the time fixed for filing"). Haroutunian, however, failed to present any evidence that the peti-

---

**1.** We noted our jurisdictional qualms in an order which gave the parties an opportunity to file supplemental briefs on the issue.

**2.** An aggravated felony may be any felony punishable under the Controlled Substances Act, 21 U.S.C. § 801 et seq. *See* INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B); 18 U.S.C. § 924(c)(2). Haroutunian was convicted of possession with intent to distribute heroin, 21 U.S.C. § 841(a)(1), and attempted possession with intent to distribute heroin, 21 U.S.C. § 846, both of which are felonies punishable under the Controlled Substances Act.

**3.** Despite some apparent doubt on the issue, Fed. R.App. P. 26(a) does govern appeals from administrative decisions. *See* Fed. R.App. P. 1(a) ("These rules govern procedure ... in proceedings in the courts of appeals for review or enforcement of orders of administrative agencies, boards, commissions and officers of the United States...."); Fed. R.App. P. 20 ("All provisions of these Rules are applicable to review or enforcement of orders of agencies....").

tion was received before July 20.[4] *See* note 1 *supra.* Because the party invoking jurisdiction has the burden of proof, *Kokkonen v. Guardian Life Ins. Co. of America,* —— U.S. ——, ——, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994), we must proceed on the assumption that the petition was received on July 20. Haroutunian's petition was therefore untimely.

■ The INS argues—creditably—that the 30–day filing deadline does not apply to Haroutunian. Section 106(a)(1) originally gave all petitioners "six months from the date of the final deportation order" to file a petition for review. Immigration and Nationality Act—Amendments, Pub.L. No. 87–301, § 5(a), 75 Stat. 650 (1961), *reprinted in* 1961 U.S.C.C.A.N. 729, 730. In 1988, section 106(a)(1) was amended to allow aliens convicted of an aggravated felony only 60 days after the issuance of the final deportation order to file their petitions for review. Anti–Drug Abuse Act of 1988, Pub.L. No. 100–690, § 7347(b), 1988 U.S.C.C.A.N. (102 Stat.) 4181, 4472. The amendment was made applicable only to aliens convicted of an aggravated felony after November 17, 1988. *Id.* § 7347(c), 102 Stat. at 4472. In 1990, Congress again shortened the period, this time to 30 days. Immigration Act of 1990, Pub.L. No. 101–649, § 502(a), 1990 U.S.C.C.A.N. (104 Stat.) 4978, 5048. The 30–day limit was made applicable to final orders of deportation entered on or after January 1, 1991. *Id.* § 502(b), 104 Stat. at 5048.

The INS points out that, because Haroutunian was convicted on May 23, 1988, and the 1988 amendment applies only to those convicted after November 17, 1988, the 1988 amendment does not apply to him. The INS also argues that the 1990 amendment further shortened the filing period only for those

felons already covered by the 1988 amendment, i.e. those who were convicted after November 17, 1988. According to this reasoning, neither amendment applies to Haroutunian and he had 90 days to file his petition.[5]

While we agree that the *1988* amendment does not apply to Haroutunian, the INS errs as to the 1990 amendment. By its terms, that amendment shortened to 30 days the filing period for all petitioners convicted of aggravated felonies regardless of the date of conviction. There is no exception for convictions which pre-date November 18, 1988. Apparently, the INS would have us imply one from the 1988 amendment. However, the 1988 and 1990 amendments were enacted by two separate bills with separate provisions controlling the effective dates. Congress was fully capable of telling us if it wanted the 1990 amendment to be inapplicable to felons convicted before November 18, 1988. It did not do so. The 1990 amendment applies, by its terms, to all final orders of deportation issued on or after January 1, 1991. Haroutunian's final deportation order was issued on June 17, 1994. Under the statute as amended in 1990, he had 30 days to file a petition for review.

Haroutunian points to Fed. R.App. P. 26(c), which provides:

Whenever a party is required or permitted to do an act within a prescribed period after service of a paper upon that party and the paper is served by mail, 3 days shall be added to the prescribed period.

Haroutunian argues that the BIA's order was served by mail and that he was required or permitted to file a petition for review within a prescribed period after service of

---

4. We have been advised that petitions are almost always filed on the day received by our clerk's office. To avoid uncertainty, parties can obtain proof of the actual delivery date by requesting a return receipt from the Postal Service. Alternatively, they can use a private shipper, such as Federal Express or United Parcel Service, which records the date on which items are delivered. Haroutunian has presented no such evidence.

5. At the time it shortened the filing period for aggravated felons to 30 days, Congress also

shortened the filing period for other petitioners to 90 days. *See* Immigration Act of 1990, Pub.L. No. 101–649, § 545(b), 1990 U.S.C.C.A.N. (104 Stat.) 4978, 5065. This amendment was applicable to final orders of deportation entered on or after January 1, 1991. *Id.* § 545(g)(4), 104 Stat. at 5067. Somewhat inconsistently, the INS seems to believe that this portion of the 1990 amendment does apply to Haroutunian, even though the portion shortening the filing period to 30 days does not.

the BIA's order. Therefore, he had three extra days, or until July 21, in which to file.

Fed. R.App. P. 26(c), however, applies only to situations where the filing time runs from the date of "service of a paper," while the filing time for petitions for review begins to run from "the date of the issuance of the final deportation order."

We relied on similar reasoning in *Hatchell v. United States*, 776 F.2d 244 (9th Cir.1985). *Hatchell* involved Fed.R.Civ.P. 6(e), the district court analogue to Fed. R.App. P. 26(c). Rule 6(e) states:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

The plaintiff in *Hatchell* filed a tort claim after the period for filing such claims had elapsed. *Id.* at 245. He argued that his complaint was nonetheless timely because Rule 6(e) had extended the filing period. *Id.* at 246. We held that Rule 6(e) was inapplicable because the time for filing Hatchell's tort claim began to run on "the date of mailing" of the denial of his administrative claim while Rule 6(e) only applies to periods running from "the service of a notice." *Id.;* *see also Kyle v. Campbell Soup Co.*, 28 F.3d 928, 929–30 (9th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 185, 130 L.Ed.2d 119 (1994) (Fed.R.Civ.P. 6(e) does not extend period for filing motions for attorneys' fees because time for filing such motions begins to run "*after entry of final judgment* " and not from "*service* of a notice by mail") (emphases in original).

Our ruling is also consistent with those of other circuits, which have held that Rule 26(c)'s grace period is not applicable to the filing deadlines found in Fed. R.App. P. 4 when the latter run from the entry of judgment or the date of filing rather than the service of notice. *See Savage v. Cache Valley Dairy Ass'n,* 737 F.2d 887, 888 (10th Cir.1984); *Sofarelli Assocs. v. United States,* 716 F.2d 1395, 1396 (Fed.Cir.1983); *Welsh v. Elevating Boats, Inc.,* 698 F.2d 230, 231–32 (5th Cir.1983); *see also In re Sanders,* 59

B.R. 414, 416 (D.Mont.1986) ("It is widely recognized that the 30–day appeal period under Fed. R.App. P. 4(a) is not affected by ... Fed R.App. P. 26(c) ....") (citing cases).

Because the petition for review was untimely, we have no jurisdiction to consider it.

**DISMISSED.**