141 F.3d 1183
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mrssi WATFA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70803.
INS No. Axq-ofj-jhl.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted March 10, 1998.**
Decided March 18, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mrssi Watfa, a native and citizen of Syria, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing as untimely his appeal of an immigration judge's ("IJ") denial of his motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.[1]
 
 
 3
 We review de novo the BIA's dismissal of an appeal as untimely. See Da Cruz v. INS, 4 F.3d 721, 722 (9th Cir.1993). The time limit for filing an appeal is mandatory and jurisdictional. See id . The party invoking jurisdiction has the burden of proof. See Haroutunian v. INS, 87 F.3d 374, 376 (9th Cir.1996).
 
 
 4
 Because Watfa failed to present any evidence that the IJ's written decision was mailed on a date other than October 23, 1996, the date on the cover letter attached to the IJ's decision, Watfa's notice of appeal filed November 25, 1996 with the BIA was untimely. See 8 C.F.R. § 3.38(b) (1996) (requiring notice of appeal to be filed within 30 days after mailing of IJ's written decision); cf. Haroutunian, 87 F.3d at 375 (holding that absent evidence to the contrary, date on cover letter accompanying order is date mailed). Accordingly, the BIA was without jurisdiction to hear Watfa's appeal, and we have no jurisdiction to review the IJ's decision. See Da Cruz, 4 F.3d at 722-23. Watfa's claim that he was denied due process therefore lacks merit.
 
 
 5
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a(a). See IIRIRA § 309(c)(1)