**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 10 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LAGRIMAS R. DE GUZMAN,

Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

Respondent.

No. 00-9526
(No. A 26 607 207)
(Petition for Review)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** and **McKAY** , Circuit Judges, and **BRORBY** , Senior Circuit
Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Lagrimas R. De Guzman seeks review of a final deportation order of the Board of Immigration Appeals (BIA). On appeal, she raises two principal legal issues. First, she challenges the BIA's application of the "stop-time rule" contained in section 309(c)(5) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) [1] to her case. Second, she contends that she is nonetheless eligible for suspension of deportation due to seven years' continuous physical presence in the United States following the order to show cause that triggered her deportation proceedings.

Respondent contends that the latter issue was not preserved for review because petitioner did not raise the issue before the BIA. Petitioner contends that she raised the issue in a motion to reconsider filed with the BIA on the same date she filed her petition for review with this court. The BIA has since denied the motion for reconsideration in an order dated December 8, 2000. We agree with petitioner that she raised this issue before the agency in her motion to reconsider. Nonetheless, we conclude that we lack jurisdiction to review the issue because petitioner failed to file a petition for review from the BIA's disposition of that

---

[1] The IIRIRA significantly limited judicial review of agency immigration decisions. Because petitioner was issued a show cause order before April 1, 1997, and because the BIA's deportation order was entered more than thirty days after September 30, 1996, the so-called "transitional rules" of the IIRIRA apply to petitioner's case. *See Rivera-Jimenez v. INS*, 214 F.3d 1213, 1216 n.5 (10th Cir. 2000).

motion. Timely filing of a petition for review is a mandatory prerequisite to this court's exercise of jurisdiction. *Haroutunian v. INS*, 87 F.3d 374, 375 (9th Cir. 1996).

In *Stone v. INS*, 514 U.S. 386 (1995), the Supreme Court held that pending motions for reconsideration do not toll the finality of a BIA deportation order. *Id.* at 405. In so holding, it also stated that motions for reconsideration are separate, final agency orders, and indicated that the proper procedure for appealing both a deportation order and a subsequent denial of a motion for reconsideration is to file two separate petitions for review which may be consolidated for review. *See id.* at 395 ("Upon denial of reconsideration, the petitioner would file a separate petition to review that second final order."). Because petitioner here did not file a petition for review within the prescribed time [2] after the BIA's disposition of her motion for reconsideration, we cannot review her arguments on an issue raised before the agency for the first time in that motion.

Petitioner did file a timely petition for review from the BIA's deportation order; therefore, we have jurisdiction to review the single remaining issue pursuant to 8 U.S.C. § 1105a(a). *See Lockett v. INS*, 245 F.3d 1126, 1128

---

[2] The prescribed time is now thirty days under the transitional rules of the IIRIRA. *Cruz-Navarro v. INS*, 232 F.3d 1024, 1026 n.2 (9th Cir. 2000).

(10th Cir. 2001). [3] Our review of petitioner's legal argument is *de novo*; however, we "accord deference to the BIA's legal determinations unless they are clearly contrary to the statute's language or to congressional intent." *Id.* (quotation omitted). Petitioner argues that application of the stop-time rule to her case is unconstitutional because it is impermissibly retroactive. We agree with respondent that this argument is disposed of by *Rivera-Jimenez v. INS*, 214 F.3d 1213, 1217 (10th Cir. 2000), and reject it without further discussion. [4] The petition for review is DENIED.

Entered for the Court

Stephanie K. Seymour
Circuit Judge

---

[3] Section 1105a was repealed by IIRIRA. However, the repeal is effective only as to final orders filed on or after September 30, 1996.

[4] Respondent filed a motion for summary affirmance on this issue in light of our decision in *Rivera-Jimenez*. However, our rules preclude such a motion and therefore it is denied. *See* 10th Cir. R. 27.2 (A)(1). Petitioner, in response to this motion, requests that we "have an en banc court reconsider" *Rivera-Jimenez*. This statement does not comport with federal requirements for a request for en banc consideration, *see* Fed. R. App. P. 35(b). Further, we deny the request for initial en banc consideration because petitioner's statement does not demonstrate "an issue of exceptional public importance" or implicate "a panel decision that conflicts with a decision of the United States Supreme Court or of this court." 10th Cir. R. 35.1(A).