Charles **NNAEMEKA** Assimonye, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 01–70123.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2003.

Decided Sept. 5, 2003.

Kevin C. Osborn, Esq., Perkins Coie LLP, Seattle, WA, Matthew B. Hayhurst, Boone Karlberg PC, Missoula, MT, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Richard M. Evans, Esq., Carl H. McIntyre, Jr., Jeffrey J. Bernstein, Attorney, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

* This disposition is not appropriate for publication and may not be cited to or by the courts

Before: BRUNETTI, T.G. NELSON and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Charles Nnaemeka Assimonye, a native and citizen of Nigeria, petitions for review of a final order of deportation issued by the Board of Immigration Appeals ("BIA") on November 22, 2000. The BIA's order affirmed the order of the Immigration Judge ("IJ") denying Assimonye's application for asylum and withholding of removal. We presume that the parties are familiar with the facts of the case and refer to them only as necessary in this disposition. Because Assimonye failed to timely file his petition for review of the BIA's order, we dismiss this case for lack of jurisdiction.

This Court's jurisdiction to review a final order of removal depends on a timely filed petition. *Haroutunian v. INS,* 87 F.3d 374, 375 (9th Cir.1996); *Lee v. INS,* 685 F.2d 343, 343 (9th Cir.1982). The burden is on Assimonye to establish jurisdiction, as he is "the party invoking jurisdiction." *Haroutunian,* 87 F.3d at 376. Under 8 U.S.C. § 1252(b)(1), petitions for review must be filed within 30 days of the BIA's final order of deportation. The BIA's order in this case was issued on November 22, 2000, so the deadline for the petition for review was December 22, 2000. He has not shown that he did so.

A document is typically considered filed as of the date it is received by the Court. Fed. R.App. P. 25(a)(2)(A). Because Assimonye is incarcerated and was proceeding pro se at the relevant time, however, he is covered by the "inmate filing rule" of Fed. R.App. P. 25(a)(2)(C). Under this rule, his petition would be deemed filed on the day he placed his petition in the prison's mail system for legal mail. Fed. R.App. P.

of this circuit except as provided by Ninth Circuit Rule 36–3.

25(a)(2)(C). Assimonye thus needed to place his petition into the prison legal mail system on or before December 22, 2000.

Although Assimonye states that he mailed copies of his petition to two INS offices, he does not claim to have personally mailed the petition to this Court. Rather, he states that he gave the petition to Kathleen Lucas, the director of an immigrant rights organization, so she could mail it. But Lucas states that (1) she does not recall having received anything from Assimonye to mail, (2) she would not have used the prison mailing system, and in fact never has used it, and (3) she must not have mailed anything for him given the absence of a notation in her file for Assimonye. At any rate, even if Assimonye had given the petition to Lucas to mail, that still would not satisfy the inmate filing rule, which requires inmates to deposit mail in the prison's legal mail system, and not simply give it to someone who is not a prison official. *Stillman v. LaMarque,* 319 F.3d 1199, 1201 (9th Cir.2003).

Finally, we note that our Clerk's January 23, 2000 acknowledgment letter, which states that the Court had received Assimonye's petition, does not establish timely filing of the petition. Rather, given the lack of any documents predating that letter, the Clerk apparently construed Assimonye's letter of inquiry as the petition itself. This seems especially true given that Assimonye's letter is handwritten, has a police station for a return address, and refers to immigration matters. Under these circumstances, the Clerk's office likely recognized it as a prisoner's pro se filing and believed it to be the initial filing of the petition. At any rate, the Clerk's letter does not establish that any petition

* This panel unanimously finds this case suitable for decision without oral argument. *See*

for review was received by this Court on time.

The petition for review is DISMISSED.