**William Antonio HERNANDEZ–MAYORGA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74193.

Agency No. A74–586–145.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 16, 2004.

Ta–Yu Yang, Des Moines, IA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Carolyn Piccotti, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

### MEMORANDUM\*\*

William Hernandez–Mayorga, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's denial of his application for asylum and withholding of deportation. We lack jurisdiction over this transitional rules case because the petition for review was untimely. *See Haroutunian v. INS,* 87 F.3d 374, 375 (9th Cir.1996) ("[T]he requirement of a timely petition for review is mandatory and jurisdictional."). We therefore dismiss the petition.

The BIA's final order was issued on July 2, 2002. The Court of Appeals for the Eighth Circuit, from which this petition was transferred, received the petition on October 28, 2002. For all final orders of deportation entered after October 30, 1996, a "petition for judicial review must be filed not later than 30 days after the date of the final order of . . . deportation." *Narayan v. INS,* 105 F.3d 1335, 1335 (9th Cir.1997) (quoting the Illegal Immigration Reform and Immigrant Responsibility Act of 1996). This petition was not timely filed.

Hernandez–Mayorga objects that the BIA's timely-mailed notice to his counsel's address of record was returned stamped with counsel's new forwarding address, but not resent in time. Yet petitioner's counsel had failed to provide the BIA with his new address, as required. *See* 8 C.F.R. § 1003.38(e) ("Where a party is represented, the representative should . . . provide to the Board written notice of any change in the representative's business mailing address."). The BIA's initial mailing was therefore adequate. *See id.* § 1003.1(f) (requiring service of BIA decisions on aliens); *id.* § 292.5(a) ("Whenever a person is required by any of the provisions of this chapter to . . . be served with any paper other than a warrant of arrest or a subpoena . . . [such service] shall be [upon] the attorney or representative of record."); *see also Garcia v. INS,* 222 F.3d 1208, 1209 (9th Cir.2000) (per curiam).

**PETITION FOR REVIEW DISMISSED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.