**Charanjit SIDHU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72457.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.*

Decided June 22, 2004.

Satwant Singh Pandher, Esq., Everett, WA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, WWS–District Counsel, Seattle, WA, Linda S. Wernery, Esq., Brenda M. O'Malley, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

MEMORANDUM **

Charanjit Sidhu, a native and citizen of India, petitions for review of a May 29, 2003, order of the Board of Immigration Appeals denying her motion to reconsider [1] the Board's December 17, 2002, order affirming without opinion an immigration judge's denial of her application for asylum and withholding of removal.

Sidhu's brief argues only that the immigration judge, whose decision was affirmed by the Board of Immigration Appeals, erred in denying her asylum application. We lack jurisdiction to entertain this argument because Sidhu did not file with this court a petition for review within 30 days of the Board's December 17, 2002, decision. 8 U.S.C. § 1252(b)(1) and (2) (requiring petition for review be filed with the court of appeals within 30 days of the final removal order); *Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (filing of motion to reopen does not toll statutory time in which alien can appeal final deportation order); *Haroutunian v. INS,* 87 F.3d 374, 375 (9th Cir.1996) (the requirement of a timely petition for review is mandatory and jurisdictional).

By failing to raise any issue regarding the May 29, 2003, order, Sidhu has waived any contention that the Board abused its discretion in denying the motion to reconsider. *Martinez–Serrano v. INS,* 94 F.3d 1256, 1260 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The motion was styled as a "Petition for Review" and was received by the Board of Immigration Appeals on January 15, 2003. In her brief to this court, Sidhu refers to the document as a "motion for reconsideration."