**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TINA DIERKES,

　　　　　　　*Petitioner,*

　　　　v.

U.S. DEPARTMENT OF LABOR,

　　　　　　　*Respondent.*

No. 03-73141

LABR No.
ALJ-00-TSC-002

ORDER

On Petition for Review of an Order of the
Department of Labor

Submitted February 10, 2005*
Seattle, Washington

Filed February 17, 2005

Before: Monroe G. McKay,** Diarmuid F. O'Scannlain, and
Carlos T. Bea, Circuit Judges.

_____

## COUNSEL

Thad M. Guyer and Stephani L. Ayers, Government Account-
ability Project, Seattle, Washington, for the petitioner.

Howard M. Radzely, Steven J. Mandel, Anne Payne Fugett,
and Barbara Eby Racine, United States Department of Labor,
Washington, D.C., for the respondent.

_____

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Monroe G. McKay, Senior United States Circuit
Judge for the Tenth Circuit, sitting by designation.

## ORDER

We previously issued an order to show cause why this petition for review should not be dismissed as untimely. We have considered the responses submitted by both parties and now dismiss the petition.

I

Tina Dierkes petitions for review of a decision of the Department of Labor's Administrative Review Board ("ARB"). The timeliness of Dierkes's petition is governed by the employee protection provision of the Toxic Substances Control Act, which provides, "The petition for review must be filed within sixty days from the *issuance* of the Secretary's order." 15 U.S.C. § 2622(c)(1) (emphasis added). The date of June 30, 2003, is indicated on the first page of the ARB's decision denying Dierkes's claim. Sixty days from June 30th is Friday, August 29th. Although Dierkes did not file her petition until Tuesday, September 2nd, she contends that the petition is nevertheless timely because the filing period purportedly did not commence until the ARB's decision was postmarked on July 1st.

We have not previously had occasion to define the term "issuance" in 15 U.S.C. § 2622(c)(1). We have, however, interpreted a nearly identical provision governing review of Workers' Compensation Benefits Review Board decisions. *See Stevedoring Servs. of Am. v. Dir., Office of Workers' Comp. Programs*, 29 F.3d 513 (9th Cir. 1994). That statute requires a petition for review to be "fil[ed] . . . within sixty days following the issuance of [a] Board order." 33 U.S.C. § 921(c). The petitioner in *Stevedoring Services* argued that the filing period should commence on the date when notice of the decision is received, not on the date when the Board's decision is actually rendered. 29 F.3d at 515. We disagreed and held that "the 60-day limitation period begins running

when the Board made its decision, regardless of actual notice." *Id.* at 514.

Our conclusion that the "issuance" of an ARB decision is not contingent upon mailing is bolstered by a Department of Labor regulation that provides that an ARB "decision shall be *issued* within 90 days of the receipt of the complaint and shall be *served* upon all parties and the Chief Administrative Law Judge by mail to the last known address." 29 C.F.R. § 24.8(c) (emphases added). The regulation's plain language demonstrates that the issuance of the ARB decision and its service by mail upon the parties are two distinct acts. Indeed, if "issuance" were synonymous with "service by mail," it would be redundant for the regulation to provide that a decision shall be issued *and* that it shall be served.[1]

Practical considerations also militate in favor of treating the date listed on the ARB's decision—and not the date of the postmark—as the date of issuance. Dierkes's proposed rule would require docketing clerks to attempt to interpret a badly smudged or otherwise illegible postmark. Moreover, if a petitioner discarded or lost the envelope in which the ARB mailed the decision, it would be impossible to determine when the decision had been issued. Utilizing the date indicated on the Board decision as the date of issuance alleviates such potential difficulties.

## II

Because "the 60-day limitation period [began] running when the Board made its decision," *Stevedoring Servs. of*

---

[1] This regulation also distinguishes *Haroutunian v. INS*, 87 F.3d 374 (9th Cir. 1995). There, we interpreted later-repealed statutory language concerning the "issuance" of a deportation order as referring to the date when the order was mailed. *Id.* at 375. *Haroutunian* reflects the fact that the term "issuance" is susceptible to different meanings in different regulatory settings. The wording of 29 C.F.R. § 24.8(c) demonstrates that in the ARB context, issuance and service are two distinct actions.

*Am.*, 29 F.3d at 514, Dierkes's petition for review is untimely, and thus we are without jurisdiction to entertain it.

**DISMISSED.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2005 Thomson/West.