Vicente **MATURANO–TORRES,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney
General, Respondent.

No. 05–73226.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 21, 2007.

Murray D. Hilts, Esq., Law Offices of Murray Hilts, San Diego, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, John R. Cunningham, Esq., Edward C. Durant, Esq., U.S. Department of Justice, Civil Division, Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

### . MEMORANDUM **

Vicente Maturano–Torres, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's removal order. We dismiss the petition for review for lack of jurisdiction.

The BIA's final order of removal was issued on January 26, 2005. This court received Maturano–Torres's petition for review on May 31, 2005. 8 U.S.C. § 1252(b)(1) requires that a petition for review "be filed not later than 30 days after the date of the final order of removal" in order to invoke our jurisdiction. Maturano–Torres's petition should therefore have been received no later than February 25, 2005. *See Haroutunian v. INS,* 87 F.3d 374, 375–76 (9th Cir.1996).

We lack jurisdiction to consider Maturano–Torres's contention that the BIA's decision was not mailed to the correct address, as he did not raise this contention to the BIA until filing a motion to reopen, the

denial of which is not properly before us. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (holding that exhaustion is mandatory and jurisdictional under 8 U.S.C. § 1252(d)(1)); *see also Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.1996) (stating that a petition for review must be filed with respect to each BIA order).

**PETITION FOR REVIEW DISMISSED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

