Karine Vladmir **KARAPETIAN**;
et al., Petitioners,

v.

Michael B. **MUKASEY**, Attorney
General, Respondent.

Karine Vladmir Karapetian;
et al., Petitioners,

v.

Michael B. Mukasey, Attorney
General, Respondent.

Nos. 04–73714, 05–70979.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2008.

Filed Aug. 14, 2008.

Marjan H. Bahmani, Esq., Law Offices of Marjan H. Bahmani, Encino, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Margot L. Nadel, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, MINER *, and BERZON, Circuit Judges.

## MEMORANDUM **

Petitioners, Karine Vladmir Karapetian and her son Georgi Agamelian, seek review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") order denying their petition for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") based on an adverse credibility determination, as well as the denial of their motion to reopen. We dismiss in part, and grant and remand in part.[1]

We review the adverse credibility determination for substantial evidence. *Garrovillas v. INS,* 156 F.3d 1010, 1013 (9th Cir.1998). Although this standard is " 'extremely deferential,' " *Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999) (quoting *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995)), we do "not accept blindly an IJ's conclusion that a petitioner is not credible. Rather, we examine the record to see whether substantial evidence supports that conclusion, and determine whether the reasoning employed by the IJ is fatally flawed." *Aguilera–Cota v. INS,* 914 F.2d 1375, 1381 (9th Cir.1990).

■ In arriving at its adverse credibility determination, the agency relied on three principal inconsistencies in the Petitioners' case regarding: (1) the frequency and perpetrators of attack(s) on Georgi; (2) the reason why Karapetian was forced to resign from her teaching job; and (3) Karapetian's father's failure to corroborate Karapetian's testimony regarding the burning of her apartment. A close review of the record reveals that none is supported by substantial evidence. The first relies on inconsistencies that are nonexistent or so "[m]inor" as to "reveal nothing about [Karapetian's] fear for [her and her son's] safety." *Vilorio–Lopez v. INS,* 852 F.2d 1137, 1142 (9th Cir.1988). The record is clear that while at times Karapetian failed to distinguish between physical and verbal attacks, when asked to do so, she explained clearly that her son was physically attacked only once although he was

---

* The Honorable Roger J. Miner, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We lack jurisdiction to review the Petitioners' untimely appeal of the denial of their motion to reopen. *See Haroutunian v. INS,* 87 F.3d 374, 375 (9th Cir.1996) ("[T]he requirement of a timely petition for review is mandatory and jurisdictional."). We therefore dismiss that portion of the petition for review.

abused in other ways on numerous occasions.

■ Karapetian was not given an opportunity to respond to the second and third alleged inconsistencies. *See, e.g., Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 661 (9th Cir.2003) (requiring that a petitioner be "afforded ... an opportunity to respond to the bases for attack on his credibility"). Even if she had been given such an opportunity, we would find the agency's determination lacking. With respect to the reason for her forced resignation, Karapetian reasonably inferred the reason for her discharge and did not allege that she was expressly advised of the reason. With respect to Karapetian's father's failure to mention the apartment fire, that omission is insufficient to conclude that the fire did not occur given undisputed testimony that Karapetian did not tell her ailing and elderly father of all the abuse that she suffered, in order not to upset him. Also, Karapetian's father did refer to people "attacking" her home, and stated that, as a result, she had to "run away" from it. Although government counsel now suggests that the son's testimony also indicates that the fire did not occur, the IJ did not regard the son's testimony as contradictory, and in fact it was not.

■ Where, as here, "each of the IJ's or BIA's proffered reasons for an adverse credibility finding fails, we must accept a petitioner's testimony as credible." *See Kaur v. Ashcroft,* 379 F.3d 876, 890 (9th Cir.2004). Neither the IJ nor BIA determined whether the Petitioners' testimony, if credible, established their eligibility for asylum, withholding of removal, and CAT relief. Accordingly, we remand this case for the agency to make an eligibility determination in the first instance. *See Singh v. Gonzales,* 403 F.3d 1081, 1092–93 (9th Cir.2005).

**DISMISSED in part, GRANTED and REMANDED in part.**