**Raju Narayan DANGOL, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney**
**General, Respondent.**

**No. 06–75401.**

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

350

Submitted Sept. 14, 2009.*

Filed Oct. 5, 2009.

Shelley Goad, Senior Litigation Counsel, OIL, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Raju Narayan Dangol, a native and citizen of Nepal, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reissue a previous decision. Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008), and reviewing de novo claims of constitutional violations in immigration proceedings, *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001), we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in refusing to reissue its March 29, 2006, order where the record indicates the order was mailed to Dangol's counsel's address of record, *see Haroutunian v. INS,* 87 F.3d 374, 375 (9th Cir.1996) (a properly addressed cover letter creates a presumption of mailing on the date of the cover letter), and Dangol failed to submit evidence supporting his claim of nonreceipt, *cf. Singh v. Gonzales,* 494 F.3d 1170, 1172–73 (9th Cir.2007); *see also* 8 C.F.R. § 1003.2(c). It follows that Dangol's due process claim fails. *See Lata v. INS,* 204

Raju Narayan Dangol, New York, NY, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

F.3d 1241, 1246 (9th Cir.2000) (requiring error for a petitioner to prevail on a due process claim).

■ We lack jurisdiction to consider Dangol's challenge to the BIA's March 29, 2006, order because this petition is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**