

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVIER DE LA CUEVA-PUGA; et al., | No. 07-75068 |
| Petitioners, | Agency Nos. A095-192-750 |
| v. | A095-192-751 |
| | A095-192-752 |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | MEMORANDUM* |

| | |
|---|---|
| JAVIER DE LA CUEVA-PUGA; et al., | No. 08-71219 |
| Petitioners, | Agency Nos. A095-192-750 |
| v. | A095-192-751 |
| | A095-192-752 |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

MVD/Inventory

Before: GOODWIN, WALLACE and FISHER, Circuit Judges.

In these consolidated petitions for review, pro se petitioners Javier De La Cueva-Puga, Maria Lilia Garcia-Salina and Sandra De La Cueva-Garcia, natives and citizens of Mexico, seek review of the Board's orders dismissing their appeal from an immigration judge's denial of their application for cancellation of removal, as well as the Board's denial of reconsideration. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and deny in part the petitions for review.

We dismiss the petition for review of the denial of cancellation because we lack jurisdiction to review the agency's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. 8 U.S.C. § 1252(a)(2)(B); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009). Petitioners' contentions that the Board failed to meaningfully review and analyze the issues raised on appeal do not raise a colorable due process claim. *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

Petitioners contend they were denied due process because they were denied a chance to submit a brief in support of their appeal to the Board. We are

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

unpersuaded. The Board acted within its discretion by finding petitioners did not rebut the presumption that the Board's notice of briefing schedule and transcript of the proceedings, sent to their attorney's mailing address, was mailed on the date indicated on the notice. *See Haroutunian v. INS*, 87 F.3d 374, 375 (9th Cir. 1996); *see also Sembiring v. Gonzales*, 499 F.3d 981, 987 (9th Cir. 2007) (recognizing presumption of effective service by regular mail).

We deny the petition for review as to petitioners' motion to reconsider, because the Board did not abuse its discretion when the motion failed to identify any errors of fact or law in the Board's order. *See* 8 C.F.R. § 1003.2(b)(1); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1180 n.2 (9th Cir. 2001) (en banc); *see also Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002) (reciting standard of review). Again, the Board did not abuse its discretion in finding that petitioners did not rebut the presumption that they received notice of their opportunity to file a brief in their appeal to the Board.

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**