NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MYNOR MAURICIO MACARIO PAZ, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-55 <br><br> Agency No. <br> A209-396-664 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2025**
San Francisco, California

Before: WARDLAW, PAEZ, and LEE, Circuit Judges.
Partial Dissent by Judge LEE.

Mynor Mauricio Macario Paz, a native and citizen of Guatemala, petitions for

review of a decision by the Board of Immigration Appeals (BIA) denying his motion

to reopen his removal proceedings or to reissue its earlier decision dismissing his

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

appeal from the immigration judge's denial of his claims for relief. Macario Paz argues that the BIA abused its discretion by refusing to reopen his proceedings based on his claims of ineffective assistance of counsel (IAC) and newly submitted evidence. He also contests the BIA's refusal to exercise its sua sponte authority to reopen proceedings.

Exercising our jurisdiction under 8 U.S.C. § 1252, we grant the petition as to the BIA's denial of Macario Paz's motion to reopen. Because we lack jurisdiction to review the BIA's declining to exercise its sua sponte authority, we also dismiss the petition in part.

1. We review the BIA's denial of a motion to reopen for abuse of discretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008). "Within that rubric, [we] review[] the BIA's determination of purely legal questions de novo and its factual findings for substantial evidence." *Reyes-Corado v. Garland*, 76 F.4th 1256, 1260 (9th Cir. 2023) (citation omitted). We treat Macario Paz's motion to reissue as a motion to reopen. *See Coyt v. Holder*, 593 F.3d 902, 904 n.1 (9th Cir. 2010).

To demonstrate ineffective assistance of counsel in the context of removal proceedings, the petitioner must show "inadequate performance and prejudice." *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (per curiam). "When a lawyer's error results in [a noncitizen] being denied his right to appeal altogether, we apply a 'presumption of prejudice.'" *Salazar-Gonzalez v. Lynch*,

798 F.3d 917, 921 (9th Cir. 2015) (citation omitted). Here, the record establishes counsel's presumptively prejudicial error: the BIA itself observed that counsel's "forwarding order [with the United States Postal Service] had expired," so although a copy of the BIA's decision dismissing Macario Paz's appeal was mailed to counsel, it was returned as undeliverable. In other words, because of counsel's error in neglecting to correct his mailing address, he never received the BIA's decision, so he could not advise his client about the correlative deadline for filing a petition for review.

Despite the BIA's awareness of counsel's error that required it to presume prejudice, *id.*, it erroneously placed the burden on Macario Paz to show "substantial prejudice." The BIA's decision denying reopening implicitly concludes that Macario Paz could not meet this wrongly imposed burden because a copy of the decision dismissing his appeal was mailed to him personally. This fact might have been relevant if Macario Paz had argued that the BIA failed to "fulfill[] its statutory duty of service," *see Singh v. Gonzales*, 494 F.3d 1170, 1172 (9th Cir. 2007), but Macario Paz sought reopening based on *counsel's* ineffective *assistance*. It makes no sense to conclude that Macario Paz was not prejudiced by his counsel's error on the theory that he could have deciphered the filing deadline without the guidance of his retained counsel. *Cf. Salazar-Gonzalez*, 798 F.3d at 922. Macario Paz, who was assisted by a Spanish interpreter at his immigration

3                                                                                      24-55

hearing, retained an attorney to represent him in his immigration proceedings and was entitled to rely on counsel for that assistance. The agency's own regulations require it to effect service on *counsel* for represented noncitizens, consistent with the reality that when a noncitizen retains an attorney, counsel takes the (legal) reigns. *See* 8 C.F.R. § 1292.5(a); *id.* § 1003.1(f). For these reasons, the BIA's decision was both irrational and legally erroneous. *See Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005).

Macario Paz must show "plausible grounds for relief" to maintain the presumption of prejudice. *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (citation omitted). But we "cannot affirm the BIA on a ground upon which it did not rely," and the BIA did not acknowledge the presumption, let alone consider whether it was defeated by the plausibility of Macario Paz's withholding claim. *See Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005) (citation omitted). And we cannot say that if the BIA were to grant reopening or reissue its decision, Macario Paz has no plausible grounds for relief. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). Accordingly, we remand to the BIA for further proceedings consistent with this disposition.[1]

---

[1]    Because we grant the petition on the basis that counsel's deficient performance caused Macario Paz to lose his opportunity to appeal, we do not address his other arguments in support of reopening. And because Macario Paz argued in his opening brief before this court, as he did before the BIA, that his prior counsel "completely deprived" him of the opportunity to petition for review,

2. We generally lack jurisdiction to review the BIA's decision not to exercise its sua sponte authority to reopen removal proceedings. *Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1115 (9th Cir. 2019) (citing *Ekimian v. I.N.S.*, 303 F.3d 1153, 1154 (9th Cir. 2002)). We may review such a decision only "for the limited purpose of reviewing the reasoning behind the decision[] for legal or constitutional error." *Id.* (quoting *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016)). Macario Paz fails to raise any colorable legal or constitutional error underlying the BIA's refusal to exercise its discretion, and thus we lack jurisdiction to review this part of the BIA's decision. *See Lona v. Barr*, 958 F.3d 1225, 1234 (9th Cir. 2020).

**PETITION GRANTED in part; DISMISSED in part; REMANDED.**

The parties shall bear their own costs on appeal.

---

the issue is "sufficiently presented to permit our review." *Akosung v. Barr*, 970 F.3d 1095, 1104 (9th Cir. 2020) (citing *Guo v. Ashcroft*, 361 F.3d 1194, 1199 (9th Cir. 2004).

*Macario Paz v. Bondi*, No. 24-55

LEE, Circuit Judge, dissenting in part:

The BIA held that Mynor Mauricio Macario Paz failed to show ineffective assistance of counsel—despite his lawyer not notifying him of the BIA's merits decision—because Macario Paz timely received his own copy in the mail. On appeal, Macario Paz argues that the BIA failed to consider his statement that he did not timely receive it. But the BIA reasonably rejected Macario Paz's declaration, and I would thus deny the petition in part. The majority, however, grants Macario Paz's petition in part by relying on a basis not raised by Macario Paz. I respectfully dissent in part.[1]

Macario Paz contends that the BIA failed to consider his declaration that rebuts the "presumption of proper mailing" of the BIA's merits decision. When the BIA "issues a decision accompanied by a properly addressed and dated cover letter," the cover letter creates a rebuttable presumption of mailing "on the date of that letter." *Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1078 (9th Cir. 2010) (citing *Haroutunian v. I.N.S.*, 87 F.3d 374, 375 (9th Cir. 1996)). But the BIA must "consider the weight and consequences" of a petitioner's affidavit countering the

---

[1] I agree with the majority that we should dismiss Macario Paz's petition in part because we lack jurisdiction to review the BIA's decision not to exercise its sua sponte authority to reopen proceedings.

1

presumption of proper mailing. *Singh v. Gonzales*, 494 F.3d 1170, 1173 (9th Cir. 2007).

Here, the BIA did not abuse its discretion by rejecting Macario Paz's bare-bones declaration. Macario Paz failed to provide any reason to believe that the BIA did not send the decision to him on the same day it sent the decision to his attorney. The BIA reasonably decided that Macario Paz failed to rebut the presumption of proper mailing, and so it did not abuse its discretion by deciding that the mailing timely reached him.

Macario Paz hangs this part of his petition entirely on rebutting the presumption of proper mailing, but the majority says that whether Macario Paz timely received the decision in the mail is irrelevant to his ineffective assistance of counsel claim. Instead, the majority grants the petition because counsel's error should have entitled Macario Paz to a presumption of prejudice. *See Siong v. I.N.S.*, 376 F.3d 1030, 1037 (9th Cir. 2004) (citation omitted) (explaining that both "error" and "prejudice" are required to prove ineffective assistance of counsel, but "when counsel's error 'deprives the alien of the appellate proceeding entirely,'" there is a presumption of prejudice). But Macario Paz does not argue for a presumption of prejudice on appeal, so he forfeited that argument when he failed to raise it in his opening brief. *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (citation omitted) (explaining that we generally do not consider issues not

"specifically and distinctly" argued in the opening brief). We do not "manufacture arguments" for petitioners, and we generally do not consider forfeited arguments. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (citation omitted).

But even considering that the BIA should have presumed Macario Paz suffered prejudice, I would still deny this part of Macario Paz's petition. *See Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021) (explaining that the harmless error rule applies when we review BIA decisions). A presumption of prejudice cannot save Macario Paz's petition because he fails to show plausible grounds for relief. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (requiring "plausible grounds for relief" to maintain presumption of prejudice).

Macario Paz does not challenge the agency's dispositive findings that he failed (1) to state a cognizable particular social group, and (2) to show he is more likely than not to face torture in Guatemala. Macario Paz argues instead that he has a meritorious claim for relief based on actual or imputed political opinion—a claim that Macario Paz did not raise in initial proceedings. But he fails to show plausible grounds for relief for that claim, too. Nothing in the record suggests that the gang targeted Macario Paz for his political beliefs or that he refused to pay the gang due to his political opinions.

I respectfully dissent in part.