Steven G. CUMMINGS, Plaintiff,

v.

UNITED STATES of America, Defendant-Appellee.

Allstate Insurance Company, a Corporation, Applicant-Plaintiff in Intervention-Appellant.

No. 80–5624.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 1982.

Decided April 18, 1983.

William R. Hose, Jr., Hose & Decker, Downey, Cal., for applicant plaintiff in intervention-appellant.

William B. Spivak, Jr., Los Angeles, Cal., for defendant-appellee.

Before ALARCON, POOLE, and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

The sole issue in this appeal is whether the district court abused its discretion in denying Allstate's motion to intervene in the tort action brought by its insured, Steven Cummings, against the United States.[1] After a collision between Cummings' automobile and a Postal Service vehicle, both Cummings and Allstate filed administrative claims for damages. Cummings' claim sought $5,521.92 for property damage, $50,000.00 for personal injury, and $470.00 for rental of a replacement car. Allstate's claim sought approximately $5,000 which it had either paid or anticipated that it would be obligated to pay by virtue of its role as Cummings' auto insurance carrier. The Postal Service denied both administrative claims. Cummings then filed a complaint under the Federal Tort Claims Act seeking damages of $55,991.92, an amount equalling his claims for property damage, personal injury, and car rental expenses. Cummings' legal complaint was timely filed on September 14, 1979, within six months of the denial of his administrative claim. *See* 28 U.S.C. § 2401(b) (1976). Allstate, the insurer, did not file a similar legal action, nor join in Cummings' action at that time.

---

1. Although Allstate also argues the merits of the district court's denial of Cummings' "Motion to Amend Caption," Cummings has dismissed his appeal of this denial and the matter is not now before us.

On May 20, 1980, Allstate sought to intervene in Cummings' action. That motion was set for hearing June 16, 1980. Cummings and the United States had previously established May 17 as the date for cutoff of interrogatories, and established July 1, 1980, as the date for completion of all discovery.

On June 17, the district judge denied intervention as untimely under Fed.R.Civ.P. 24. His order was accompanied by findings that Allstate's motion to intervene was made more than six months after the denial of its administrative claim and that Allstate's motion to intervene was made after the date for interrogatories had passed and was heard two weeks before the date previously set for close of discovery.

We hold that the court erred in denying intervention based upon the statute of limitations. Because of the absence of any evidence presented to the district court that the lateness of the motion prejudiced the government or would unduly delay the disposition of the case, see Fed.R.Civ.P. 24, the denial for untimeliness also cannot be affirmed on that ground. We reverse and remand with instructions that the district court reopen the proceedings and allow intervention.

## I

## LIMITATIONS

At the hearing below, Allstate argued that it was entitled to intervention as of right under Fed.R.Civ.P. 24(a), while the United States contended that Allstate's "claim" was barred because it had neither filed a separate suit nor sought to intervene in Cummings' suit within six months of the denial of its administrative claim.

Title 28 U.S.C. § 2401(b) bars tort claims against the United States unless presented in writing to the appropriate federal agency within two years of accrual and begun in

court within six months after mailing of a final agency denial. Both Allstate and Cummings filed administrative claims. Allstate's claim was denied in June 1979. Cummings brought suit in September 1979, but Allstate did not attempt to intervene until May 1980. Allstate was within the six month limitations period only if its proposed complaint in intervention would relate back to the filing of the Cummings complaint.

The purpose of the § 2401(b) limitations period is to ensure that claims will be brought while still fresh and to prevent claimants from delaying more than six months. See Letter of the Attorney General of March 10, 1966, reprinted in 1966 U.S.Code Cong. & Ad.News 2524, 2525; see also Claremont Aircraft, Inc. v. United States, 420 F.2d 896, 897–98 (9th Cir.1970). These purposes were served by the timely filing of Cummings' complaint. Allstate's proposed complaint in intervention sought recovery of $4,571.92, the amount it allegedly paid Cummings for property damage and bodily injury. Cummings' administrative claim had sought $5,521.92 for property damage, and his court complaint reflected that he was seeking to recover that amount along with other damages. Our holding that the complaint in intervention, which sought a lesser amount for the same damages, relates back to the filing of the underlying complaint will not encourage stale claims or the late presentation of issues. Because the insurance company as subrogee stands in the shoes of the insured, it is the real party in interest in the insured's suit to the extent of the subrogation. See Executive Jet Aviation, Inc. v. United States, 507 F.2d 508, 515 (6th Cir.1974). The insurer subrogee's complaint in intervention therefore has the same effect as pro tanto substitution of the real party in interest under Fed.R.Civ.P. 17(a).[2] Such a substitution re-

---

2. Fed.R.Civ.P. 17(a) provides, in part:

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

lates back to the filing of the original complaint. Fed.R.Civ.P. 15(c),[3] 17(a). Our holding is consistent with the position of those circuits which have considered the question. In *Wadsworth v. United States Postal Service,* 511 F.2d 64, 65–67 (7th Cir. 1975), the Seventh Circuit was presented with nearly identical facts. Both the insured and the insurer had filed administrative claims, but only the insured brought suit within six months of denial of the claim. The government contended that the insurer was the real party in interest and that the limitations period under 28 U.S.C. § 2401(b) barred amendment of the complaint to substitute the insurer as plaintiff on part of the claim. The Seventh Circuit held that an amendment to substitute the insurer related back to the filing of the original complaint. The time bar of § 2401(b) was satisfied by the insured's timely filing of suit for the full amount of the claim. *Id.* at 66. The Sixth Circuit applied similar reasoning in *Executive Jet Aviation,* 507 F.2d at 515–517. In *Executive Jet,* the insurer/subrogee was allowed to enter the case although it had not filed an administrative claim within the § 2401(b) two year period. The Sixth Circuit reasoned that the insured's filing of a claim for the full amount satisfied the requirements of § 2401(b) and tolled its limitations period. *Id.* at 516–517. The situation here is analogous. Cummings' complaint sought recovery for all his damages, including the property damage sought by Allstate's proposed complaint in intervention. In these circumstances, the requirements of § 2401(b) were satisfied by the timely filing of Cummings' suit for the full amount of the claim. The district court erred in denying intervention on this ground.

## II

## TIMELINESS

The denial of intervention may also have been based upon the district court's view that the intervention motion was untimely because the date for cutoff of discovery was near. Fed.R.Civ.P. 24(a) requires "timely application" for intervention of right. We will reverse a determination of untimeliness only for abuse of discretion. *NAACP v. New York,* 413 U.S. 345, 365–66, 93 S.Ct. 2591, 2602–03, 37 L.Ed.2d 648 (1973), *Petrol Stops Northwest v. Continental Oil Co.,* 647 F.2d 1005, 1009 (9th Cir.), *cert. denied,* 454 U.S. 1098, 102 S.Ct. 672, 70 L.Ed.2d 639 (1981). We believe, however, that this case presents such an abuse. In opposing intervention below, the government argued only the limitations ground and did not contend that it had been prejudiced by the timing of the motion for intervention. The government has argued on appeal that it would have been prejudiced by Allstate's entry into the case because the date for cutoff of interrogatories had passed and the date set for the closing of all discovery was near. Allstate's intervention would not have introduced new issues into the case. The government contends that Allstate's intervention would have introduced issues regarding the amount of the damages to Cummings' auto. Cummings' complaint, however, specifically sought recovery for property damage.[4] There is nothing in the record to indicate that the government would reasonably have believed that Cummings would not seek to recover the property damage if Allstate did not join the suit. The claim arose under the Federal Tort Claims Act. Under that Act, the allowable damages are determined with reference to state law. *Lewis v. United States,* 680 F.2d 68, 69 (9th Cir.1982). California law allows a plaintiff to recover

---

3. Fed.R.Civ.P. 15(c) provides, in relevant part:
   Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

4. His complaint sought "$55,991.92 for property damages, past and future medical expenses, and pain and suffering." This was the exact dollar amount sought in his administrative claim, and that claim itemized the amounts of alleged damages for property damage.

damages even though the loss was reimbursed by an independent third party. *Hrnjak v. Graymar, Inc.,* 4 Cal.3d 725, 729, 484 P.2d 599, 601–02, 94 Cal.Rptr. 623, 626 (1971). Therefore, the property damage issues were in the case before Allstate attempted to intervene.

█ We are hesitant to reverse a ruling on timeliness and are mindful that the matter is generally one for the discretion of the district judge. The denial of intervention here, however, seems to have been primarily based not on timeliness but on the erroneous interpretation of the statute of limitations. Although the district judge's order mentions the fact that the close of the discovery period was near, it does not contain a finding that the government would be prejudiced or that discovery would have to be extended, and the papers submitted by the parties below also did not address the issue of prejudice. In these circumstances, and in the absence of anything in the record to show reason to believe that the government was prejudiced, or that the intervention would cause undue delay, we cannot affirm the denial of intervention on that ground. *Piambino v. Bailey,* 610 F.2d 1306, 1320–21 (5th Cir.1980); *McDonald v. E.J. Lavino Co.,* 430 F.2d 1065, 1072–73 (5th Cir.1970).

## CONCLUSION

The denial of intervention was based on an erroneous interpretation of 28 U.S.C. § 2401 and is reversed. Independent of the limitations issue, intervention may be denied when it causes undue delay or prejudices the rights of existing parties. The record, however, contains no evidence of such undue delay or prejudice. The denial of intervention is REVERSED and the case REMANDED to the district court.

POOLE, Circuit Judge, dissenting.

I am uncomfortable with Judge Boochever's proposed disposition of the case and believe that the district judge did not abuse his discretion in denying as untimely Allstate's motion for intervention. Fed.R. Civ.P. 24(a) requires that a motion to intervene be timely made. Allstate was well aware of the pendency of the action from its inception and had in fact filed an administrative claim. There was no excuse for moving to intervene sooner. Its motion came three days after the cutoff date for interrogatories and less than six weeks before the final discovery cutoff date. The admission of a new party at the winding-down stages of discovery in litigation can have very serious consequences to the court's effort to get to a determination and trial judges ought to have wide latitude in the control and management of their cases.

While it may be that the motion was not absolutely barred by expiration of the limitations period, as appellant contends, there are many other considerations involved and we should be slow to rule that a district judge has abused discretion in denying so tardy a motion to intervene when he believes that intervention would delay or distort the case. Allstate has shown no reason why it waited until so late in the discovery process to attempt intervention. The government's contention that Allstate's intervention would have introduced new issues regarding the amount of damages to Cummings' auto is not unrealistic. Since the complaint did not itemize property damage it would reasonably tend to prolong the discovery period. The district judge is in the best position to weigh that contingency.

I would hold that there was no abuse of discretion in denying Allstate's belated motion to come into the case where Allstate had full knowledge and an opportunity reasonably to intervene while issues were being developed.