**Thomas F. HATCHELL,
Plaintiff-Appellant,**

v.

**UNITED STATES of America, the United States Department of Justice, Bureau of Prisons, Defendants-Appellees.**

No. 84–6262.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 1985.

Decided Nov. 8, 1985.

Edwin S. Saul, Frank G. Blundo, Jr., Law Offices of Frank G. Blundo, Jr., Encino, Cal., for plaintiff-appellant.

Robert C. Bonner, U.S. Atty., Frederick M. Brosio, Jr., Ronald K. Silver, Asst. U.S. Atty., Los Angeles, Cal., for defendants-appellees.

Before BROWNING, KENNEDY and HUG, Circuit Judges.

KENNEDY, Circuit Judge:

Appellant Thomas Hatchell filed a tort claim against the United States for injuries from lung disease, allegedly caused by unsanitary conditions at Levenworth Penitentiary where he had been in custody. His administrative claim was filed on October 23, 1980 with the Bureau of Prisons, United States Department of Justice. The government contends that it mailed notice of final denial of the claim on January 14, 1981, and that the tort action commenced by Hatchell on July 17, 1981 is three days beyond the relevant statute of limitations. That statute requires filing "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b) (1982). Hatchell's principal contention is that the letter by its terms was not a final denial of the claim and did not, as a result, cause the period of limitations to commence. The district court ruled in favor of the government, and we affirm.

Appellant contends that the letter of January 14 did not state with sufficient clarity that it was a notice of final denial of the administrative claim. He is wrong. The letter, addressed to Hatchell's attorney, stated that the claim was denied, that the letter itself was notice of the denial, and that suit must be brought within six months in the United States district court. The letter also contained the reasons for rejection of the claim. The letter was in sufficient compliance with 28 C.F.R. § 14.9, which specifies the procedure for notifying claimants of the final administrative denial of their claims. The case before us is thus distinguishable from *Dyniewicz v. United States*, 742 F.2d 484 (9th Cir.1984), where there was no unambiguous statement that the claim had been denied, but merely a reference to time limitations for filing with the agency.

We decline to require any specific verbal formulation to ensure compliance with the

regulations governing denial of claims. The letter in question was sufficient to give notice that the claim was denied and that the agency contemplated no further action regarding it. That the word "final" was not used in connection with the notice of denial is irrelevant, for the plain meaning of the letter is that the administrative agency had reviewed the claim, denied it, would take no further action, and was giving notice to plaintiff that he had six months within which to bring suit in the district court.

■ Hatchell makes additional arguments that are also without merit. He argues the letter was incorrect, or at least ambiguous, in stating that the six-month period for suit runs from the date of denial of the claim, instead of the date the notice of denial is mailed, the latter being the date set by the statute. *See* 28 U.S.C. § 2401(b) (1982). The appellant has not shown, however, that he was prejudiced by the recitations in the letter. Even if we assume that he was entitled to rely upon the date of the letter rather than the date of mailing on an estoppel theory, a premise we decline to adopt, the suit was untimely since all indications are that the letter was mailed on or before the date that it bore.

■ Finally, Hatchell argues that under Federal Rule of Civil Procedure 6(e) three days must be added to the period for commencing suit. The rule provides that whenever a party "is required to do some act ... within a prescribed period after the service of a notice ... upon him and the notice ... is served upon him by mail, 3 days shall be added to the prescribed period." Fed.R.Civ.P. 6(e). Congress has provided, however, that the limitations period applicable to Hatchell's claim runs from "the date of mailing," 28 U.S.C. § 2401(b), and not from "the service of a notice" as contemplated by Rule 6(e). *See Carr v. Veterans Administration*, 522 F.2d 1355, 1357 (5th Cir.1975). The rule is therefore not applicable to the case before us; and even if it were thought applicable, the statute would control. In the face of clear statutory language, we cannot "enlarge that consent to be sued which the Govern-

ment, through Congress, has undertaken so carefully to limit." *Claremont Aircraft, Inc. v. United States*, 420 F.2d 896, 898 (9th Cir.1970) (quoting *Mann v. United States*, 399 F.2d 672, 673 (9th Cir.1968)).

*Cummings v. United States*, 704 F.2d 437 (9th Cir.1983), is not to the contrary. There we held that intervention as of right under Federal Rule of Civil Procedure 24(a) was not barred by 28 U.S.C. § 2401(b) where the original complaint was timely filed. In that circumstance, we held that permitting the complaint in intervention filed by the original plaintiff's insurer to relate back to the date of the underlying complaint did not violate section 2401(b). *Cummings*, 704 F.2d at 439–40. We held that the purposes of the limitations statute "were served by the timely filing of [the original plaintiff's] complaint." *Id.* at 439. *Cummings* is distinguishable from the case before us, where no complaint was filed against the United States within the limitations period.

Hatchell's tort claim against the United States is barred by 28 U.S.C. § 2401(b). The judgment of the district court is AFFIRMED.