# United States Court of Appeals
## For the First Circuit

No. 06-2537

ANTONIO VÉLEZ-DÍAZ, ET AL.,

Plaintiffs, Appellants,

v.

UNITED STATES OF AMERICA,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, U.S. District  Judge]

Before

Boudin, Chief Judge,

Torruella and Howard, Circuit Judges.

María H. Sandoval with whom Frank Inserni-Milam and Luis Mellado-González were on brief for appellants.
Anthony A. Yang, Appellate Staff, Civil Division, Department of Justice, with whom Peter D. Keisler, Assistant Attorney General, Rosa E. Rodríguez-Vélez, United States Attorney, and Robert S. Greenspan, Appellate Staff, Civil Division, Department of Justice, were on brief for appellee.

October 23, 2007

**BOUDIN, <u>Chief Judge</u>.** This is an appeal from the district court's dismissal of a case under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 (2000), arising out of the death of Antonio Velez-Garcia. Velez, arrested for drug possession in January 2003, agreed to serve as an undercover FBI cooperating witness. He was murdered by a gang member in March 2003 while assisting the FBI in a sting operation directed against gang-related drug trafficking in Puerto Rico.

Claiming that the FBI agents had mishandled Velez' assignment, his family first sought damages in a suit against named FBI agents in their individual capacities, relying upon <u>Bivens</u> v. <u>Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), and on Puerto Rico law. The agents claimed qualified immunity and the United States sought to substitute itself for the agents under the Westfall Act, 28 U.S.C. § 2679(d), by filing the necessary certificate.

The district court rejected both requests, but on interlocutory appeal, this court ordered dismissal of the <u>Bivens</u> claims on grounds of qualified immunity and allowed the United States to substitute itself as defendant in the claims against the agents arising under Puerto Rico law. <u>Velez-Diaz</u> v. <u>Vega-Irizarry</u>, 421 F.3d 71, 77-80 (2005) ("<u>Velez-Diaz I</u>"). On remand the United States then moved on December 14, 2005, to dismiss the suit on the ground that the plaintiffs had to exhaust their administrative

-2-

remedies _before_ an action against the United States could be pursued.  Under the FTCA, a court suit filed before exhaustion does not ripen but is barred.  McNeil v. United States, 508 U.S. 106, 112-13 (1993).

As it happens, the plaintiffs had filed an administrative claim against the United States simultaneously with their federal law suit against the agents, and the administrative claim had been denied by a letter dated April 19, 2005, even before this court decided the initial appeal in Velez-Diaz I.  This denial of the administrative claim left the plaintiffs free to file a federal law suit against the United States within six months of the denial.  28 U.S.C. § 2401(b).

Plaintiffs did then file a new law suit against the United States sub nom. ("Velez-Diaz II").  Unhappily, the complaint was filed on October 24, 2005, a few days _after_ the expiration of the six month deadline on October 19.  Plaintiffs had been advised of the six month deadline in the April 19, 2005, letter denying the administrative complaint.  Indeed, the court complaint was dated October 19, 2005, although it was not filed until five days later.

On February 9, 2006, the district court granted the government's motion to dismiss Velez-Diaz I without prejudice because it had been filed before exhaustion of administrative

-3-

remedies.[1]  A final judgment was entered the next day.  The plaintiffs filed a motion for reconsideration of the dismissal, Fed. R. Civ. P. 59(e), and urged the court to consolidate the case with Velez-Diaz II.  Finding that Velez-Diaz I had been properly dismissed, the district court said there was nothing left to consolidate.  No appeal was filed from the dismissal or denial of reconsideration.

Thereafter, in August 2006, the district court granted the government's motion to dismiss Velez-Diaz II on the ground that it had been filed after the six month filing deadline.  Plaintiffs have now appealed from that decision.  The facts are undisputed and our review on the motion to dismiss is de novo.  Skwira v. United States, 344 F.3d 64, 72 (1st Cir. 2003), cert. denied, 542 U.S. 903 (2004).  Plaintiffs offer two arguments as to why Velez-Diaz II should not have been dismissed.

The first argument is that the complaint in Velez-Diaz II filed in October 2005 should be deemed a motion to amend the earlier complaint in Velez-Diaz I by adding the United States as a party under Fed. R. Civ. P. 15(c)(3).  The amendment (they say),

---

[1]Of course, at the time that Velez-Diaz I was filed, it was against the agents and no exhaustion requirement applied; but the certification, upheld on appeal, made the case one against the United States.  The FTCA provides that when such a conversion occurs and the case is dismissed for failure to exhaust, a plaintiff is given a fresh period of 60 days within which to file an administrative complaint even if the initial period for doing so has lapsed.  28 U.S.C. § 2679(d)(5).

coming after the April 2005 exhaustion of remedies, resolved the "jurisdictional" defect of the premature filing of Velez-Diaz I. Nor, they urge, is the amendment too late because Rule 15(c)(3) amendments relate back to the original complaint's filing.

There are various problems with this argument. The complaint in Velez-Diaz II did not purport to be an amendment to the complaint in Velez-Diaz I. Further, Rule 15(c), by its terms, applies to amended pleadings in the same action as an original, timely pleading: the pleading sought to be amended may not be a pleading filed in a different case. Carter v. Tex. Dep't of Health, 119 Fed. Appx. 577, 581 (5th Cir. 2004), cert. denied, 545 U.S. 1146 (2005); Morgan Distrib. Co. v. Unidynamic Corp., 868 F.2d 992, 994 (8th Cir. 1989).

In all events, Velez-Diaz I was dismissed and no appeal was taken from the dismissal. The requirement of a timely appeal is jurisdictional. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58-59 (1982). Plaintiffs are in substance asking us to revive Velez-Diaz I and to permit it to serve as the vehicle for pursuing their claims against the United States. Perhaps there were arguments for such an approach, but we cannot undo the dismissal of a case where no timely appeal was taken.

To prevail on their present appeal, plaintiffs must show that Velez-Diaz II itself was wrongly dismissed since that judgment alone is properly before us. Their second argument, directed to

this end, is that because the exhaustion letter was mailed to them, they had three extra days under Fed. R. Civ. P. 6(e) to file their claim over and above the six month period provided in 28 U.S.C. § 2401(b); and, because the sixty-third day, October 22, 2005, was a Saturday they had until Monday, October 24, to file their complaint. See Fed. R. Civ. P. 6(a).

The FTCA states that a "tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). The letter rejecting the claims itself warned that the federal suit had to be filed "in an appropriate United States District Court not later than six months after the date of mailing of this notification of denial. 28 U.S.C. § 2401(b)."

Rule 6(e), known as the "mailbox rule," says that "[w]henever a party must or may act within a prescribed period after service and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the prescribed period would otherwise expire." The rule is directed to parties acting within the framework of an existing case and relates to acts done "after service." Nothing in it qualifies or extends a limitations period that refers, as the FTCA does, to the date of mailing of an exhaustion letter.

Other circuits have rejected the claim that Rule 6(e) applies to such exhaustion letters.[2]  Although we have not ruled directly on this issue, the result is preordained by Berman v. United States, 264 F.3d 16, 19 (1st Cir. 2001), holding that Rule 6(e) did not extend the deadline for filing a petition to quash an IRS summons.  Since compliance with the six month time limit under the FTCA is a condition of the United States' waiver of sovereign immunity, Hatchell v. United States, 776 F.2d 244, 246 (9th Cir. 1985), failure to comply is a fatal defect.  Cf. Roman v. Townsend, 224 F.3d 24, 28 (1st Cir. 2000).

Velez' death while helping law enforcement agents is a tragedy, and one might prefer that his relatives had their day in court.  This is so even though undercover work in the drug world is inherently high risk and winning a such a law suit would normally not be easy.  But the filing requirements are clear; six months was ample time to file; and that must be the end of the matter.

Affirmed.

---

[2]Clay v. United States, 199 F.3d 876, 880 (6th Cir. 1999); Hatchell v. United States, 776 F.2d 244, 246 (9th Cir. 1985); Carr v. Veterans Admin., 522 F.2d 1355, 1357 (5th Cir. 1975).