ACORN (The New York Association of Community Organizations for Reform Now), MHANY Management Inc., Vic DeVita, and Francine McCray, Plaintiffs,

v.

COUNTY OF NASSAU, Incorporated Village of Garden City, and Garden City Board of Trustees, Defendants.

No. 05–CV–2301 (ADS)(WDW).

United States District Court, E.D. New York.

June 15, 2010.

Law Offices of Frederick K. Brewington, by: Frederick K. Brewington, Esq., of Counsel, Hempstead, NY, for the former plaintiff ACORN and the proposed intervenor New York Communities for Change, Inc.

Lawyers' Committee for Civil Rights Under Law, by: Joseph D. Rich, Esq., of Counsel, Washington, DC, for all plaintiffs and the proposed intervenor New York Communities for Change, Inc.

Hogan & Hartson LLP, by: Sabrina Helene Cochet, Esq., Jenny Rubin Robertson, Esq., Joanna F. Wasick, Esq., Stanley Joseph Brown, Esq., Toby William Smith, Esq., Peter Joseph Dennin, Esq., of Counsel, New York, NY, for plaintiffs Vic DeVita and Francine McCray.

Nassau County Attorney John Ciampoli, Office of the Nassau County Attorney, by: Esther D. Miller, Assistant County Attorney, Andrew Reginald Scott, Assistant County Attorney, Ralph J. Reissman, Assistant County Attorney, Bethany Bresnaider O'Neill, Assistant County Attorney, David Bruce Goldin, Assistant County Attorney, Mineola, NY, for the defendant County of Nassau.

Heidell Pittoni Murphy & Bach LLP, by: Karen Schmidt, Esq., of Counsel, Garden City, NY, for the defendant County of Nassau.

Cullen and Dykman, LLP, by: James G. Ryan, Esq., Jennifer A. McLaughlin, Esq., of Counsel, Garden City, NY, for the defendants Incorporated Village of Garden City and Garden City Board of Trustees.

## ORDER

SPATT, District Judge.

This case arises out of a dispute concerning the proposed construction of low- and middle-income housing on land owned by Nassau County and located in Garden City, New York. Presently before the Court is a motion to intervene by proposed plaintiff New York Communities for Change, Inc. ("NYCC"). For the reasons set forth below, the Court grants this motion.

## I. INTRODUCTION

In 2005, plaintiffs New York Association of Community Organizations for Reform Now ("NY ACORN"), MHANY Management Inc. ("MHANY", formerly known as New York ACORN Housing Company, Inc.), Vic DeVita, and Francine McCray brought the present case against defendants County of Nassau, the Incorporated Village of Garden City, and the Garden City Board of Trustees. The facts of the case are discussed in detail in a previous order issued in this case by United States District Judge Joseph F. Bianco, before whom this case was previously pending. *See ACORN v. County of Nassau*, No. 05-cv2301(JFB)(WDW), 2006 WL 2053732, *1 (E.D.N.Y. Jul. 21, 2006) ("*ACORN I*"). Familiarity with that decision is assumed. Briefly, the plaintiffs allege that the defendants discriminatorily re-zoned two parcels of Nassau County-owned land that was located in Garden City to prevent plaintiff MHANY from building low- and middle-income housing on that site. The plaintiffs further allege that this decision was part of a long-standing racially discriminatory policy maintained by the defendants. Based on these allegations, the plaintiffs assert claims pursuant to the Fair Housing Act, 42 U.S.C. § 3601 *et seq.;* 42 U.S.C. § 1981; 42 U.S.C. § 1982; and 42 U.S.C. § 2000d *et seq.* In response, the defendants deny any wrongdoing, and assert that they have no racially discriminatory policies. Discovery in the case is now concluded and closed.

The present motion arises from the recent dissolution of the plaintiff NY ACORN. Previously in this case, NY ACORN represented the interests of approximately 2,000 member families who lived on Long Island, and who claimed to seek racially integrated, affordable housing. *See ACORN I*, 2006 WL 2053732 at *10 ("ACORN does not assert claims on its behalf, but only on behalf of its members."). However, due to funding difficulties and a September 2009 incident unrelated to the present case, many of NY ACORN's national sister chapters disbanded. *See, e.g., Times Topics: Acorn,* March 23, 2010, available online at http://topics.nytimes.com/top/reference/timestopics/organizations/a/acorn/index.html. As of February 22, 2010, NY ACORN followed suit, and likewise ceased to exist. As such, no party is currently asserting claims on behalf of NY ACORN's former members.

Presently, New York Communities for Change, Inc. ("NYCC") seeks to intervene as the practical—though not the legal—successor to NY ACORN. NYCC states that it has purchased NY ACORN's membership list and has agreed to provide certain services to NY ACORN's former members. NYCC also asserts that most of its current Long Island-

based members are former members of NY ACORN, and that both of its co-executive directors are former NY ACORN employees. In addition, NYCC Co–Executive Director Ann Sullivan was the only NY ACORN representative deposed during discovery in this case. NYCC maintains that it should be permitted to intervene in this action so that, like NY ACORN, it may assert claims against the defendants on behalf of its members—most of whom previously had their claims asserted in this case by NY ACORN. The claims NYCC seeks to assert are substantially the same as those formerly alleged by NY ACORN.

The defendants oppose NYCC's intervention on the grounds that any claims by NYCC are now barred by the relevant statutes of limitations. The defendants also assert that NYCC's intervention would require the parties to re-open discovery, causing unfair expense and delay.

## II. DISCUSSION

NYCC seeks intervention by right pursuant to Fed.R.Civ.P. 24(a), as well as permissive intervention pursuant to Fed.R.Civ.P. 24(b). The defendants oppose intervention on both grounds. While the Court is doubtful that NYCC is entitled to intervention by right under Rule 24(a), the Court will exercise its discretion to permit NYCC to intervene pursuant to Rule 24(b).

Rule 24(b) provides in pertinent part:

(b) Permissive Intervention.

(1) In General. On timely motion, the court may permit anyone to intervene who:

. . .

(B) has a claim or defense that shares with the main action a common question of law or fact.

. . .

(3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

■■■ Generally, a district court has broad discretion to grant or deny a request for permissive intervention. *Catanzano by Catanzano v. Wing,* 103 F.3d 223, 234 (2d Cir.1996); *Securities and Exchange Commission v. Everest Management Corp.,* 475 F.2d 1236, 1240 (2d Cir.1972) ("Rule 24(b) necessarily vests broad discretion in the district court to determine the fairest and most efficient method of handling a case with multiple parties and claims."). A court deciding a motion for permissive intervention under Rule 24(b) should consider (1) the relation of the proposed intervenor's claims to the pending case, (2) the timeliness of the motion, and (3) the effect of intervention on the parties to the case. *Catanzano,* 103 F.3d at 234; *New York News, Inc. v. Kheel,* 972 F.2d 482, 487 (2d Cir.1992).

Here, there is no dispute that NYCC's claims are related to the pending suit, as NYCC seeks to assert claims that are substantially identical to those asserted by the current plaintiffs. However, the defendants contend that NYCC's intervention is untimely because its claims are barred by the relevant statutes of limitations. For its part, NYCC does not deny that the ordinary limitations periods on its claims have run, but maintains that its claims relate back to the original, timely complaint. The defendants dispute this contention, and further assert that NYCC's intervention would require additional discovery, and that this would cause them unfair burden and delay.

■■■ First, with respect to the timeliness issue, the Court finds that NYCC's claims do relate back to the timely original complaint. Unlike Fed.R.Civ.P. 15 and 17, which governs amendments to a complaint and substitution of parties, Rule 24 does not explicitly provide that an intervenor's claim may relate back to the case's original complaint for purposes of the statute of limitations. However, courts in this Circuit have generally interpreted Rule 24 to provide for relation back when: "(1) . . . there is a 'community of interest' between proposed intervenor's and plaintiff's claims; (2) intervenor's motion is timely within the meaning of Rule 24; and (3) no prejudice to defendants would result." *New York v. Gutierrez,* No. 08–cv–2503 (CPS)(RLM), 2008 WL 5000493, *13 (E.D.N.Y. Nov. 20, 2008) (Sifton, J.) (citing *Ross v. Patrusky, Mintz & Semel,* No. 90–

cv–1356, 1997 WL 214957 (S.D.N.Y. Apr. 29, 1997) (collecting cases permitting intervenor's filing of complaint despite expiration of statute of limitations)). *See also Red Rock Commodities Ltd. v. M/V KOPALNIA SZOMBIERKI,* 92–cv–6016 (LMM), 1994 WL 440822, *2 (S.D.N.Y. Aug. 15, 1994); *Cummings v. United States,* 704 F.2d 437, 440 (9th Cir.1983).

In the Court's view, these cases are persuasive, and the Court also finds that NYCC satisfies the requirements set forth by Judge Sifton in *Gutierrez* for an intervenor's claim to relate back to the original pleading. Namely, (1) there is a "community of interest" between NYCC's claims and those currently pending against the defendants, (2) NYCC moved to intervene shortly after the disbanding of NY ACORN, and therefore cannot be said to have unreasonably delayed in acting, and (3) it is the Court's opinion that no unfair prejudice to the defendants will result from NYCC's intervention.

Nevertheless, the defendants challenge this conclusion based on a case from the Southern District of New York that predates *Gutierrez* and *Ross.* In that case, *Ceribelli v. Elghanayan,* No. 91–cv–3337(CSH), 1994 WL 529853 (S.D.N.Y. Sept. 28, 1994), the court held that a proposed intervenor's claims would not relate back to the original pleading, and were thus barred by the relevant statute of limitations. However, in *Ceribelli,* the proposed intervenors had previously timely filed federal claims against the defendants, and then abandoned those claims in favor of state court. *Id.* at *1. After being disappointed in state court, the proposed intervenors then returned to federal court and attempted to reassert their now time-barred federal claims by intervening into a similar action brought by others against the same defendants. *Id.* The court denied the plaintiffs' intervention, stating:

> Something akin to a rule of repose may be invoked when a party, having chosen a course of action and foregone a claim in the course of doing so, seeks to revive that claim after the statute of limitations has run by joining a suit timely filed by others.

*Id.*

In the Court's view, the holding of *Ceribelli* denying the relation back of a proposed intervenor's complaint is limited to its facts, and is distinguishable from the present case. In *Ceribelli,* the plaintiffs sought to use the federal rules of procedure to gain an unfair advantage. Here, NYCC seeks to intervene primarily to represent the interests of individuals who are presently unrepresented before the Court through no fault of their own. To the extent that *Ceribelli* contains additional dicta that is inconsistent with *Gutierrez, Ross,* and the Court's present holding, the Court finds that dicta to be unpersuasive.

■ Finally, the defendants also object to NYCC's intervention because it would require discovery to be re-opened, and this would be unfairly burdensome to the defendants. While this is an appropriate consideration for a Rule 24(b) motion, the Court is not persuaded by the defendants' assertions. It is the Court's view that any supplementary discovery necessitated by the intervention of NYCC would be minimal, and that this will not cause unfair prejudice to the defendants.

The Court therefore grants NYCC's motion for permissive intervention pursuant to Rule 24(b).

### III.  CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that NYCC's motion to intervene pursuant to Rule 24(b) is granted; and it is further

**ORDERED** that, within twenty days of the date hereof, NYCC may file a complaint substantially similar to the proposed complaint by NYCC presently filed with the Court; and it is further

**ORDERED** that the parties are directed to appear before United States Magistrate Judge William D. Wall for a conference concerning any additional discovery in this case on June 25, 2010 at 11:00; and it is further

**ORDERED** that, pending the submission of NYCC's complaint, the Clerk of the Court is directed to amend the caption for this case to read as follows:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MHANY Management Inc., Vic DeVita, and Francine McCray, Plaintiffs,

-against-

County of Nassau, Incorporated Village of Garden City, and Garden City Board of Trustees, Defendants.

SO ORDERED.