**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES W. JAMES, | No. 10-17535 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-05149-MEJ |
| v. | |
| UNITED STATES OF AMERICA; DUKE TERRELL, Warden, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Chief Magistrate Judge, Presiding[**]

Submitted January 17, 2012[***]

Before:     LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Former federal prisoner James W. James appeals pro se from the district

court's judgment dismissing his action alleging claims under *Bivens v. Six*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act (the "FTCA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 619 (9th Cir. 2004), and we affirm.

The district court properly dismissed James's claim against the individual defendants because he failed to establish that their alleged deliberate indifference to his medical needs at a facility in Rochester, Minnesota constituted minimum contacts with the forum state to warrant exercising personal jurisdiction over them. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (three-pronged minimum contacts analysis); *see also Calder v. Jones*, 465 U.S. 783, 789 (1984) ("effects" test for a prong of the minimum contacts analysis).

The district court properly dismissed James's constitutional claim against the United States on the basis of sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994) (the United States has not waived its sovereign immunity for claims of alleged constitutional violations).

The district court properly dismissed James's FTCA claim against the United States because he failed to file it within six months of the date of the notice of denial of his administrative claim. *See* 28 U.S.C. § 2401(b); *see also Hatchell v. United States*, 776 F.2d 244, 246 (9th Cir. 1985) (FTCA action commenced three

days beyond the six-month limitations period was barred).

James's remaining contentions are unpersuasive.

Arguments raised for the first time in a reply brief are deemed waived.  *See Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (per curiam).

**AFFIRMED.**

10-17535