

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL MARTINEZ-PINEDA, an individual; AIA ALTAIBA, an individual, | No. 21-55143 |
| Plaintiffs-Appellees, | D.C. No. 5:17-cv-02256-WDK-SP |
| v. | MEMORANDUM* |
| UNITED STATES OF AMERICA, | |
| Defendant-Appellant. | |

| | |
|---|---|
| MIGUEL MARTINEZ-PINEDA, an individual, | No. 21-55160<br>No. 21-55171 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-02256-WDK-SP |
| and | |
| AIA ALTAIBA, an individual, | |
| Plaintiff, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant-Appellee. | |

---

      \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
William D. Keller, District Judge, Presiding

Argued and Submitted November 18, 2022
Pasadena, California

Before: WARDLAW and W. FLETCHER, Circuit Judges, and KENNELLY,[**]

District Judge.

Martinez-Pineda and his wife Aia Altaiba (together, "Plaintiffs") brought claims against the United States ("Defendant") under the Federal Tort Claim Act ("FTCA") for negligence and loss of consortium after a car accident with a military convoy rendered Martinez-Pineda quadriplegic. Defendant appeals the result of the bench trial, arguing that the district court erred by (1) applying a heightened "extreme caution" standard of care in determining that Defendant was 75 percent at fault in causing the accident; (2) referencing military policies in assessing the standard of care owed; (3) finding Defendant an additional 7.5 percent at fault for conduct Defendant argues is protected under the discretionary function exception; and (4) finding that Altaiba is not an "owner" of the vehicle driven by Martinez-Pineda within the meaning of California Civil Code § 3333.4. Plaintiffs cross-appeal, arguing that the district court erred by (5) placing Martinez-Pineda's

_____

[**] The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

2

damages for future medical expenses in a reversionary trust; (6) calculating Altaiba's loss of consortium damages using his post- rather than pre-injury life expectancy; and (7) barring Martinez-Pineda from recovering noneconomic damages under § 3333.4. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for the limited purpose of determining Martinez-Pineda's pre-injury life expectancy and recalculating damages for loss of consortium.

1. We review de novo whether the district court applied the correct standard of care. *Miller v. United States*, 587 F.2d 991, 991 (1978). "[W]here reasonable minds could differ as to whether an activity is inherently dangerous, the determination is a question of fact to be determined by a fact-finder." *McMillan v. United States*, 112 F.3d 1040, 1044 (9th Cir. 1997). Therefore, to the extent the litigants' disagreement regarding the "extreme caution" standard of care is predicated on a factual disagreement about whether the movement of the military convoy of light armored vehicles ("LAVs") at night on a public highway was inherently dangerous, we review for clear error. *Harbeson v. Parke Davis, Inc.*, 746 F.2d 517, 521 (9th Cir. 1984) (holding that findings of fact are reviewed for clear error).

Under the FTCA, the United States can be held liable in tort only "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Defendant argues that § 2674 prevented the district court from considering the specific facts in this case in determining the appropriate standard of care. Defendant misconstrues § 2674. Section 2674 simply requires that private persons would be under the same duty at common law in "like circumstances." *See Indian Towing Co. v. United States*, 350 U.S. 61, 64–65 (1955). It is immaterial to the proper analysis that private individuals cannot be in the *identical* circumstance as those participating in a military convoy. A "like circumstance" is all that the FTCA requires. *Id.*; *see also United States v. Olson*, 546 U.S. 43, 45–47 (2005) (applying *Indian Towing* to reject the contention that the FTCA shields the government from liability for "unique governmental functions").

The district court appropriately took into account the particular circumstances of this case in determining the standard of care. The court did not clearly err in finding that the movements of the convoy were inherently dangerous. LAVs are very heavy, slow moving, camouflaged vehicles that are subject to frequent breakdowns. The convoy was traveling at 35 miles per hour at night on a particularly dangerous unlighted highway colloquially known as the "highway of

4

death."  It is telling that Defendant's own Standard Operating Procedures characterize convoy movements as "hazardous by nature."

2. The district court did not err when it looked to military policies to help determine the appropriate standard of care.  While violations of federal law cannot generate a claim under the FTCA in the absence of a state-law duty, *see United Scottish Ins. Co. v. United States*, 614 F.2d 188, 192–93 (9th Cir. 1979), once a state-law duty is found to exist, a "federal statute or regulation may then provide the standard of reasonable care in exercising the state-law duty," *Lutz v. United States*, 685 F.2d 1178, 1184 (9th Cir. 1982).  The district court properly referenced military policies here, because the policies reflect the state common law duty to exercise care in driving.

3. We review de novo the district court's determination that government conduct falls outside the scope of the discretionary function exception.  *Sutton v. Earles*, 26 F.3d 903, 907 (9th Cir. 1994).

We affirm the district court's determination that the fragmentation of the convoy, as well as its timing and duration, fall outside the scope of the discretionary function exception.  Defendant's argument fails at prong two of the two-step *Berkovitz-Gaubert* test, which requires us to determine whether an exercise of discretion is "by its nature, susceptible to a policy analysis." *Miller v.*

5

*United States*, 163 F.3d 591, 593 (9th Cir. 1998).[1]  We have previously held that "driving a car" is "totally divorced from the sphere of policy analysis." *Whisnant v. United States*, 400 F.3d 1177, 1181 (9th Cir. 2005).  Defendant points to nothing in the record suggesting that actions taken by a convoy on a public highway in the United States during peacetime should be treated differently.  *See Terbush v. United States*, 516 F.3d 1125, 1134 (9th Cir. 2008) (holding that the government bears the burden to produce "some support" in the record to demonstrate that a decision is susceptible to policy analysis).

4. For purposes of California Civil Code § 3333.4, "[v]ehicle ownership is a fact question . . . to determine in light of all the circumstances." *Savnik v. Hall*, 88 Cal. Rptr. 2d 417, 424 (Ct. App. 1999).  We therefore apply clear error review to the question of Altaiba's ownership status.

The district court did not clearly err when it concluded that Altaiba was not an owner of the Kia within the meaning of California Civil Code § 3333.4.  The court found that at the time of the accident, Altaiba did not drive, did not have a driver's license, had not made payments on the car or its insurance, and was not included as a driver on the vehicle's insurance policy.  Given Altaiba's limited

---

[1] While the district court did not reach prong two of the *Berkovitz-Gaubert* test, we may affirm on any ground supported by the record.  *Serrano v. Francis*, 345 F.3d 1071, 1076–77 (9th Cir. 2003).

English language skills and her cultural background, the district court reasonably concluded that Altaiba acted as a "scrivener" in signing paperwork for the purchase of the car. Considering the evidence, we cannot say with a "definite and firm conviction that a mistake has been committed." *Harbeson v. Parke Davis, Inc.*, 746 F.2d 517, 521 (9th Cir. 1984); *see Savnik*, 88 Cal. Rptr. 2d at 424 (holding, on similar facts, that the jury's finding as to plaintiff's ownership was "abundantly supported").

5. We review de novo whether the district court erred in imposing a reversionary trust on Martinez-Pineda's damages for future medical expenses. The scope of the district court's authority to specify the form of an award of damages is a question of law. *See Hull by Hull v. United States*, 971 F.2d 1499, 1504 (10th Cir. 1992). Plaintiffs objected to the reversionary trust, seeking a lump sum payment of the damages awarded.

We have previously approved a reversionary trust in an FTCA action only in a circumstance in which a state statute required periodic payments. *See Dutra v. United States*, 478 F.3d 1090, 1092 (9th Cir. 2007). Here, there is no California statute requiring that damages be in the form of periodic payments. We decline to fashion a rule that would broaden the scope of the district court's authority to fashion a reversionary trust in an FTCA action.

7

The district court reasoned that a reversionary trust would avoid the "windfall potential" in the event Martinez-Pineda dies earlier than expected. We find the reasoning unpersuasive. Because there is also a risk that Martinez-Pineda will die later than expected, the imposition of a reversionary trust is a lopsided approach to the distribution of risk. *See Peterson v. United States*, 469 F. Supp. 2d 857, 860–61 (D. Haw. 2007) (holding that declining to impose a reversionary trust better comports with principles of fairness).

We therefore reverse the district court's decision to impose a reversionary trust on Martinez-Pineda's future medical expenses. We hold that Martinez-Pineda is entitled to receive damages for future medical expenses as a lump-sum payment.

6. We review damages awards in FTCA cases for clear error. *Trevino v. United States*, 804 F.2d 1512, 1514–15 (9th Cir. 1986). Under the FTCA, "allowable damages are determined with reference to state law." *Cummings v. United States*, 704 F.2d 437, 440 (9th Cir. 1983).

The district court clearly erred when calculating Altaiba's damages for loss of consortium. The court did not err when it determined that Martinez-Pineda's post-accident life expectancy was 23.5 years. Nor did it err in awarding $1,000 per day in loss-of-consortium damages. But the court did clearly err in failing to account for the reduction in Martinez-Pineda's life expectancy due to the accident.

8

Under *Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342 (Cal. 2010), damages for these "lost years" are recoverable in a claim for loss of consortium. We therefore remand for limited fact-finding to determine Martinez-Pineda's pre-injury life expectancy and for a recalculation of Altaiba's loss-of-consortium damages in light of *Boeken*.

7. We review de novo a district court's ruling on a summary judgment motion. *Nieves Martinez v. United States*, 997 F.3d 867, 875 (9th Cir. 2021).

Plaintiffs argue that Martinez-Pineda is entitled to noneconomic damages because California Civil Code § 3333.4 was not designed to bar relief for individuals whose vehicles were uninsured at the time of an accident due to "mere mistake." However, § 3333.4 does not authorize an inquiry into why an owner fails to maintain insurance. Cal. Civ. Code § 3333.4. Because the plain language of the statute is clear, our analysis stops here. *See Kobzoff v. Los Angeles Cnty. Harbor/UCLA Med. Ctr.*, 968 P.2d 514, 520 (Cal. 1998) ("If the plain language of a statute is unambiguous, no court need, or should, go beyond that pure expression of legislative intent."). Therefore, the district court did not err in granting Defendant's motion for partial summary judgment as to Martinez-Pineda's claim for noneconomic damages.

\* \* \*

9

Based on the foregoing, we **REVERSE** the district court's imposition of a reversionary trust for Martinez-Pineda's future medical expenses. We **REMAND** for limited fact-finding to determine Martinez-Pineda's pre-injury life expectancy and to recalculate damages for loss of consortium in light of *Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342 (Cal. 2010). On all other issues, we **AFFIRM**. Each party shall bear its own costs on appeal.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED** in part.